GEORGE GOULD et al., Appellants, v. CHARLES A. SMITH, Respondent.

48   43·
131   650
48   43
156   566

1. *Attachment — Non-residence — Evidence.* — Upon an issue made by a plea in abatement, in an attachment suit grounded upon alleged non-residence, evidence showing merely that defendant owned property in another State is incompetent, and is properly excluded, unless peculiar circumstances rendering the evidence admissible be first shown to exist.

2. *Practice, civil — Appeal — Supreme Court will not weigh evidence in law cases.* — The Supreme Court will not look into evidence or pass upon its weight in law cases, even where the case was tried by the court below without the aid of a jury.

*Appeal from St. Louis Circuit Court.*

*J. T. Tatum*, for appellants.

*H. N. Hart*, for respondent.

CURRIER, Judge, delivered the opinion of the court.

The questions here arise upon a plea in abatement to an attachment suit founded upon the defendant's alleged non-residence.

At the trial the defendant, upon cross-examination, testified that he was trustee for his son of some property in Belleville, Illinois, and was thereupon inquired of who paid for the property. This question was objected to and ruled out as calling for irrelevant testimony. The plaintiff complains of this ruling as erroneous.

I fail to see the legitimacy of the evidence sought to be developed by the excluded inquiry. For the purposes of the issue, of what consequence was it who paid for the property? The issue did not relate to the defendant's property, but to his place of residence. He might own property in Illinois, and still be a resident of Missouri. His ownership of property in Illinois was in no way inconsistent with the claim that he was a resident of the former State.

If circumstances might arise where the proposed line of investigation would be regarded as allowable, those circumstances are not shown to exist here. As the matter stood, I think the ruling of the court should be sustained.

The instruction given by the court on its own motion states the law correctly, and was warranted by the state of the evidence. The plaintiff's supplemental instruction, in conflict with that given by the court, was consequently properly refused.

The trial was by the court, and the main matter of complaint is that the court reached a wrong conclusion upon the facts—finding, as the plaintiff thinks, against the weight of evidence. It seems to be thought that because the trial was by the court, without a jury, this court will look into the evidence and pass upon its weight. That is alone done in chancery proceedings.

With the concurrence of the other judges, the judgment will be affirmed.