Douglas v. Orr.

## S. C. Douglas, Appellant, vs. J. C. Orr, Respondent.

1. *Practice, civil—Evidence, weight of.*—In a civil law case the Supreme Court will not decide upon weight of evidence.

2. *Examination—Levy—Actual seizure or declaration of intention—Debtor, notification to.*—To constitute a levy, lawful as to third persons, there must be an actual as distinguished from a constructive seizure by the officer; or an exercise or claim of dominion, the goods being within his power; and the proceeding should in no case be such as not to lead to an inference of intentional concealment thereof, by the officer.

3. *Practice, Supreme Court—Appeal—Order granting—Entry of in bill of exceptions instead of record proper, how regarded.*—The transcript in a cause showed no order granting an appeal. But on *certiorari* the record thereupon brought up contained an entry in the bill of exceptions, that affidavit for appeal was made, and appeal granted. *Held*, that this entry should have appeared in the "record proper," but that the case should not be dismissed on account of such irregularity alone.

*Appeal from Boone Circuit Court.*

*O. Guitar*, for Appellant.

I. To constitute a valid levy there must have been an actual taking of the possession and control of the vehicles. (Wagn. Stat., § 19, 606; Yeldell vs. Stemmons, 15 Mo., 443; Newman vs. Hook, 37 Mo., 207; Cobb vs. Gage, 7 Ala., 619.)

*Henry Flanagan with Squire Turner*, for Respondent.

I. The levy was valid. (Woods vs. Vanarsdale, 3 Rawle; 401; Butler vs. Maynard, 11 Wend., 548; 23 Wend., 490; 5 Denio, 198; 12 B. Mon., 484.)

II. Although in the amended transcript the bill of exceptions states that "an appeal was granted," yet, inasmuch as the order granting an appeal is part of the record proper, and no part of a bill of exceptions, and the record fails to show such order, the appeal should be dismissed. (State vs. Griggs, 48 Mo., 557; Ray vs. Ray, 49 Mo., 301.)

Hough, Judge, delivered the opinion of the court.

It appears from the record in this cause, that on the 14th day of December, 1871, the defendant, Orr, being at the time sheriff of Boone county, and having in his hands a valid exe-

cution, from the Boone Circuit Court against one R. W. Dorsey, went to the carriage shop of said Dorsey in the town of Columbia, to get a new buggy he had purchased of him; and while one W. G. Alexander, who was the only person about the premises (Dorsey being at the time absent from town), was outside the shop, fixing the shafts on the sheriff's buggy, he went into the store room of the carriage shop, which contained a number of vehicles of various kinds, and while no one was present rolled one buggy a few feet in order to place it near another buggy in the room, and without moving any of the property from the room, or placing any mark of any kind on any of the vehicles, or putting any one in possession thereof to hold for him, and without having any possession or control over the house in which he found and left the vehicles, and without informing any person about the shop at the time, that he was making or had made a levy, he went to the court house where he met the attorney for the plaintiff in the execution, and informed him that he had made a levy, and then and there indorsed on the execution a levy on two one-horse buggies, one one-horse buggy or phaeton, one spring wagon, and two sets of harness; and left the same day for Jefferson City.

On the 18th day of December, 1871, Dorsey executed, according to law, and delivered to the plaintiff Douglas, as trustee, a deed of assignment for the benefit of all his creditors, and on the same day put him in possession of all the personal property described in said deed, including the property mentioned in the return of the sheriff, which was still in the show room of the carriage shop. Plaintiff also took possession of the room in which it was stored. It is not pretended that either Dorsey or Douglas knew anything whatever of the alleged levy, prior to or at the time of the assignment. Sometime after the alleged levy, defendant having heard of the deed of assignment, went to plaintiff and demanded the property in question, and plaintiff refusing to give it up, the defendant afterwards, about the 15th or 18th of February, 1872, without the authority or consent of plaintiff,

took the phaeton, top buggy and rockaway, which he claimed to have levied upon, from the room in which plaintiff kept them; and in March, 1872, sold the same for a sum sufficient to satisfy the execution against Dorsey, and thirty dollars more. Douglas then brought the present action against Orr to recover the value of the vehicles so taken and sold.

The testimony showed them to have been worth in the aggregate the sum of $700. The cause was tried by the court. The law was correctly declared, but the court found that plaintiff was only entitled to the sum of $30, the surplus remaining after satisfying the execution against Dorsey, and gave judgment accordingly, and plaintiff brings the case here by appeal.

We are not called upon in this case to pass upon the weight of evidence; that, it has been decided again and again, this court will not do. The question is whether there is any testimony tending to show a levy by the defendant. The facts relied upon as constituting a levy, are really undisputed; but even though some of them may be thought to be disputed, the question is, do they, if taken as true, constitute a levy? A denial by one witness of facts stated by another, upon which a verdict is based, does not present a case in which this court will refuse to interfere on the ground, that we will not weigh the testimony. if the disputed facts when taken as true, do not tend to support the verdict. In this case for instance the testimony of Alexander would seem to negative the statement of the defendant, that he moved one of the buggies. But suppose it to be true, that he did move one as stated by him, does that fact taken in connection with the other acts shown to have been done by him, constitute a levy under our statute. The word "levy" as defined by our statute means actual seizure, that is, the officer must take actual possession of the goods, and this language would seem to exclude all idea of a constructive possession.

There has been much discussion and some difference of opinion as to what constitutes actual possession. It has been said that the true test is, whether enough has been done to

subject the officer to an action of trespass, but for the protection of the execution. It has accordingly been held, that an actual manucaption of the goods is not necessary to constitute a tortious taking, and that any exercise or claim of dominion, though by mere words, the speaker having the goods within his power, may amount to such a taking as to warrant an action of trespass; that merely making an inventory, and threatening to remove goods, which is prevented by another giving a receipt for them, though they are not touched by the officer, is sufficient. (Connah vs. Hale, 23 Wend., 462.)

In the case of Camp vs. Chamberlain, (5 Denio, 198–202), cited by respondent's counsel, the court say: "In order to constitute a valid levy as to third persons, the goods must not only be within the view of the officer, but must be subjected to his control. He 'must take actual possession' which although the goods are present, can only be done by manual acts, or by an oral assertion that a levy is intended, and which is acquiesced in by those who are present and interested in the question. A levy cannot rest in mere undivulged intention to seize the property. Something more is required. There must be possessory acts to indicate a levy, or it must be asserted by word of mouth, so that what is thus done by the officer, if not justified by the process in his hands, will make him a trespasser."

This case is cited with approval by the Court of Appeals in Baker vs. Birminger, (14 N. Y., 270). In Gwynne on Sheriffs, Ed. 1849, p. 212, it is said: "The officer should not proceed in so secret a manner as to cut off all probable means, on the part of third persons, of knowing how to deal with the defendant, in respect to his goods. The proceedings should also be such as to apprise the defendant himself of the steps taken, or at least such as not to leave the inference of intentional concealment." (See also Newman vs. Hook, 37 Mo., 207; Yeldell vs. Stemmons, 15 Mo., 443.) Tested by the rules laid down in these authorities, the acts of the defendant Orr, in relation to the property in question, constituted no levy.

Respondents' counsel make the point in their brief, that there is no appeal here. A motion was filed at the last term to strike this case from the docket for that reason ; but on suggestion of diminution of record, a *certiorari* was issued, to which return has been made, and the record now here contains an entry in the bill of exceptions, that an affidavit for an appeal was filed and an appeal granted. This entry should appear in what is termed "the record proper," but all portions of the record are of equal dignity here and we cannot turn the appellant out of court on this objection. The pleadings and the judgment in this case also appear in the bill of exceptions, and not elsewhere. All this is informal and improper, but we do not think it would justify us in refusing to pass upon the merits of the controversy.

The judgment is reversed and the cause remanded ; Judge Vories absent; the other judges concur.