James T. McHugh. Interpleader, Respondent, *vs.* Chas. P. Meyer, *et al.*, Appellants.

1. *Newton Co. Common Pleas Court—Attachment suit.*—Section 12 of the act establishing the common pleas court of Newton county (Adj. Sess. Acts 1872, p. 297) gave it jurisdiction of suits by attachment.

2. *Practice, civil—Evidence, weight of.*—In a civil action at law this court will not determine the weight of evidence.

3. *Change of venue—Consent to, need not be in writing.*—The consent of parties to a change of venue need not be in writing and under seal.

*Appeal from Newton County Circuit Court.*

*J. N. O. Loop and E. L. King,* for Appellants, cited, Wagn. Stat., 1355, §§ 1, 2; Adj. Sess. Acts 1872, p. 285, §§ 7, 11; 20 Mo., 350; 47 Mo., 285, 288; 20 Mo., 445; 26 Mo., 65; 43 Mo., 196; 45 Mo., 289; ibid Mo., 469.

*Bray & Cravens,* for Respondent.

Napton, Judge, delivered the opinion of the court.

This record presents the case of an interpleader in an attachment suit in the circuit court of Newton county. After the filing of the interplea, in which the interpleader claimed the property attached, the record states that, by consent of parties, the case was sent to the common pleas court of Newton county. When the case was taken up in that court the plaintiffs in the attachment suit moved to strike the case from the docket, on the ground that the common pleas court had no jurisdiction, and because the record did not show that the consent of parties was in writing and under seal. The 12th section of the act establishing this court (Acts of 1872, p. 297) confers jurisdiction on this court over the subject matter of this action, and we have not been referred to any statute which requires a change of venue, by consent, to be in writing and under seal. The court, therefore, properly overruled the motion. (Potter vs. Adam's Ex'r. 24 Mo., 161.)

The only other ground taken for reversing the case, is, that the verdict on the trial of the interplea was against evidence, and that, it is scarcely necessary to say, is beyond our province.

All the instructions on both sides were given, and no objection has been pointed out to those given for the plaintiff.

The judgment must be affirmed. The other judges concur.