PARKINSON ET AL., PLAINTIFFS IN ERROR V. CAPLINGER ET AL.

1. **Partition,** WHAT IS NOT A FINAL JUDGMENT IN. Where the judgment is, that partition be made between the parties, and that, for purposes of partition, sale be made of the premises, such a judgment is not final.

2. ———: PRACTICE. Section 9, chap. 104, p. 967, Wag. Stat., gives ample power to the court to set aside such judgment, and to admit a third person as a party to the suit, upon his application and affidavit of interest in the premises.

3. ———: ———; NEW PARTIES. The trial court commits no error in setting aside, at the same term, such a judgment upon the application of a third person, who claims to own the entire interest in the premises of which partition was sought, and in allowing him to become a party to the suit, where it does not appear that either plaintiffs or defendants were in the actual possession of the land.

4. **Seal:** EVIDENCE; RECORD OF DEED. Where the official certificate of acknowledgment of a deed states that the seal of office is attached to the same, the mere omission of the officer recording the deed to copy the seal, will not vitiate nor render invalid the record copy as evidence.

5. ———: ORIGINAL DEED. An original deed showing that a seal was attached to the official certificate of acknowledgment, and, also, that a seal was attached to the signature of the grantor, is properly admitted in evidence, though the record copy of the deed shows neither of these facts.

6. **Notice:** RECORD OF DEED. The record of a deed, showing the lack of a seal, imparts notice of an equitable interest, at least, in the lands therein described.

7. **Practice:** The Supreme Court can not undertake to review the finding of the trial court based on facts, where no declarations of law are asked, and none given, and where it is impossible to know upon what theory the trial court acted in coming to its conclusions.

*Error to Morgan Circuit Court.* HON. T. M. RICE, Judge.

*A. W. Anthony and Nathan Bray* for plaintiffs in error.

Allen was improperly made a party, because, at the time of his application, final judgment had been rendered, Wag. Stat., p. 1034, § 3; and because he claimed that the title to the real estate was absolutely and exclusively vested in him, and, if so, his interests could not have been preju-

diced by the partition suit.   He was "not only not a party to the suit, but he did not claim to hold under any one who was, nor did he claim to have purchased *pendente lite.*" *Peak v. Laughlin* 49 Mo. 162.

*James P. Ross and B. R. Richardson* for defendants in error.

1.   The statement in the body of the certificate that the officer taking the acknowledgment had affixed his official seal to the certificate, is sufficient evidence of that fact. *Geary v. City of Kansas,* 61 Mo. 378.

2.   The record of the deed to Masters and of the deed to Allen, although imperfect as to the seal, imparted notice to all persons of the contents thereof.   *Speck v. Riggin,* 40 Mo. 405 ; *Maupin v. Emmons,* 47 Mo. 304 ; *Rhodes v. Outcalt,* 48 Mo. 367 ; *Musick v. Barney,* 49 Mo. 458.

3.   When no instructions are asked for or given, there is no point of law saved, and the Supreme Court will not review or disturb the finding of facts.   *Wilson v. North. Mo. R. R. Co.,* 46 Mo. 36 ; *McEvoy v. Lane,* 9 Mo. 47 ; *Von Phul v. St. Louis,* 9 Mo. 49.

NORTON, J.—This was a suit instituted in the circuit court of Morgan county, for the partition of the following real estate in said county : the w½ of ne¼ and ne¼ of se¼, section 13, township 42, range 17.   At the August adjourned term of said court, held on the 3rd day of September, 1872, the court rendered judgment of partition between the plaintiffs and defendant Caplinger, and directed a sale of the premises to be made for that purpose.   At the same term of the court, on the 1st day of October, 1872, defendant Allen, filed his motion to set aside said judgment, and for leave to be made a party to the proceeding.   This motion was sustained at the February term, 1873, of said court, and defendant Allen filed his answer, setting up title in himself to all the land sought to be partitioned.  · Plaintiffs, after an unsuccessful motion was made to strike out

the answer, filed a replication thereto, denying all the allegations it contained, and alleging that the grantors in one of the deeds under which Allen claimed, were minors at the time of its execution, and had disaffirmed it after arriving at majority. The trial resulted in a judgment for defendant Allen, and plaintiffs, having made ineffectual motions for new trial and in arrest of judgment, bring the case before us by writ of error. No declarations of law having been asked or given, our attention will necessarily be confined to the exceptions taken to the action of the court in sustaining the motion of defendant Allen to set aside the judgment of partition, rendered October 3, 1872, and allowing him to be made a party defendant, and to its action in admitting evidence.

It is insisted, by counsel for plaintiffs, that the judgment of partition and order of sale made on the 3rd of September, 1872, was final, and could not be disturbed by the court making it. In the case of *Gudgell v. Mead*, 8 Mo. 54, Judge Scott, speaking for the court, held that "in proceedings in partition, both at law and in equity, there are two judgments and decrees, the one, interlocutory, the other, final. The first is *quod partitio fiet inter partes de tenementis* upon which a writ of commission goes, commanding that partition be made, and, upon return of this writ or commission, executed, if the proceedings are approved by the court, the record judgment is given *quod partitio firma et stabilis in perpetuam teneatur*. This is the principal judgment, and, before it is given, no writ of error lies." In that case, the court made a decree of partition and appointed commissioners to execute it, and it was held to be an interlocutory, and not a final decree; that, in fact, no partition had been made, but only a decree requiring it to be done. This case was followed in the case of *McMurtry v. Glasscock*, 20 Mo. 432. The only difference between the cases cited and the one at bar, is that, in the case before us, the sheriff was required to make sale of the premises for purposes of partition,

*1. PARTITION, what is not a final judgment in.*

and report his action to the court, instead of the partition being made in kind through commissioners, who likewise are required to report their action for approval or disapproval.

The power of the court over the judgment in question was amply conferred in Sec. 9, Chap. 104, Wag. Stat. 967. It 2. —— : practice. provides that any person having an interest in premises sought to be partitioned, whether the same be present or future, vested or contingent, though not made a party in the petition, may appear and be made a party on application for that purpose, accompanied by an affidavit of such interest.

There is no prescribed stage of the proceeding in which this application is to be made. If presented during the 3. —— : ——: pendency of the litigation, we think it is new parties. timely and within the power of the court to pass upon it. The application in this case was made at the same term judgment was rendered, during the pendency of the litigation, with an answer, sworn to, disclosing the interest claimed, and we can perceive no error in the action of the court in setting aside such judgment, and allowing the defendant Allen to set up his interest and contest plaintiffs' right, as it does not appear that either plaintiffs or defendants were in the actual possession of the land.

The evidence showed that one Isaac C. French died in 1838, owning the land in controversy, leaving a widow and two children, named William L. and Martha A.; that William was born on the 6th day of March, 1837, and Martha on the 23rd day of March, 1838; that the daughter Martha married one Caplinger in 1856, and, in October, 1857, the defendant Nannie Caplinger, the only issue of said marriage, was born ; that her mother died in 1858; that the son, William, died in 1861. Plaintiffs to sustain their side of the issue, offered in evidence a deed from William French and wife, dated April 9, 1861, conveying their undivided interest in the lands in question to one

McKay; also, a deed from McKay and wife, dated September, 1869, conveying to one McKinney the said land; also, quit claim deed from said McKinney to plaintiffs, Parkinson and Bicknell. Defendant, Allen, offered in evidence the record of a deed from Willam French and Caplinger and wife, dated July 27, 1857, to one Masters, conveying to him all the land in suit, which was filed for record June 26, 1858; also, a deed from said Masters and wife to defendant Allen for said real estate, dated March 3, 1858, and filed for record March 8, 1858.

Plaintiffs objected to the reception in evidence of the above deeds on the ground that the record did not show

4. SEAL: evidence: record of deed. that there was a seal attached to the certificate of the officer taking the acknowledgment. The acknowledgment was taken by the probate judge of Cedar county, where the grantors resided, and the certificate of acknowledgment stated that the seal of his office was attached to the same; and the mere omission of the officer recording the deed to copy the seal does not vitiate it, nor render it invalid. *Geary v. City of Kansas*, 61 Mo. 378.

Although the record of the deed from Masters to Allen did not show that a seal was attached, either to the

5. ——: original deed. certificate of the officer taking the acknowledgment or to the name of the said Masters, the original deed from Masters to Allen, which was offered in evidence, did show both of these facts, and was, therefore, properly admitted in evidence.

The record of the deed, showing the lack of the seal, imparted notice, at the least, of an equitable interest in the

6. NOTICE: record of deed. lands therein described, the certificate of acknowledgment being sufficient, as adjudged in the cases above cited. *McClurg v. Phillips*, 57 Mo. 215; *Harrington v. Fortner*, 58 Mo. 468.

We cannot undertake to review the finding of the court, based on the facts, as no declarations of law were asked

7. PRACTICE: the and none given, and as it is impossible for
Supreme Court. us to know upon what theory the court be-
low arrived at its verdict and judgment. *Harrison v. Bart-
lett*, 51 Mo. 170; *Wilson v. N. M. R. Co.*, 46 Mo. 36; 47
Mo. 544. The question of fact, as to the affirmance or
disaffirmance of the deed of French and Caplinger and
wife to Masters, and, as to whether they were minors when
the deed was made, was passed upon by the court below
trying the case, without the intervention of a jury. We
will not weigh the evidence on which the court based its
finding. 48 Mo. 43; *Douglas v. Orr*, 58 Mo. 573; 61 Mo.
334; 60 Mo. 290. Judgment affirmed, in which the other
judges concur.

AFFIRMED.