THIES, *Appellant*, v. GARBE, *Executor*.

**Practice in Supreme Court.** The Supreme Court will not in an action at law, where the evidence is conflicting and no declarations of law were asked or given, review the finding and judgment of the trial court.

*Appeal from Andrew Circuit Court.*—HON. H. S. KELLEY, Judge.

AFFIRMED.

*R. S. Musser* for appellant.

(1) The fact that Henry Thies, Sr., was the guardian and sold real estate of appellant worth fifteen hundred dollars in Wisconsin, and that he neither made an annual or final settlement nor accounted to plaintiff for any part of his estate, is proven beyond doubt. (2) The probate court had jurisdiction. (3) The claim of appellant was not barred by the statute of limitations. No time will protect a fraud so long as it is concealed. Perry on Trusts, sec. 861; *Pilcher v. Flinn*, 30 Ind. 201; *Carr v. Hilton*, 1 Curtis (C. C. R.) 390. So long as a trust is a subsisting one and admitted by the act or declaration of the parties, the statute cannot affect it. Angell on Lim., sec. 472; *Ricords v. Watkins*, 56 Mo. 553; *Smith v. Ricords*, 52 Mo. 581. The duties of a guardian do not cease until the property is fully accounted for. *Gilbert v. Guptell*, 34 Ill. 139; *Cunningham v. McKimley*, 22 Ind. 149; *Weldermin v. Russ*, 33 Conn. 67; *Kane v. Bloodgood*, 7 John. Ch. 90. (4) If the *cestui que trust* is unable to trace the trust fund into the hands of other persons, or into other property in the hands of the trustee, or if he elects not to do so, he may proceed against the trustee personally.

Perry on Trusts, 843 ; *Lathrop v. Bampton*, 31 Cal. 17 ; *Oliver v. Pratt*, 3 How. 333 ; *Calhoun v. Burnett*, 40 Miss. ; *Bennett v. Preston*, 17 Ind. 291. (5) The plaintiff is entitled to compound interest. *Frost v. Winston*, 32 Mo. 489 ; *Willis v. Fox*, 25 Wis. 646 ; *Jones v. Foxall*, 15 Beav. 392 ; *Williams v. Powell*, 15 Beav. 461 ; *Saltmarsh v. Barrett*, 31 Beav. 349.

*William Heren* for respondent.

(1) Appellant's claim is barred by the five years statute of limitations. R. S., sec. 3230 ; *State v. Willi*, 46 Mo. 236 ; *Ball v. Tomson*, 4 W. & S. 557 ; *Green v. Johnson*, 3 G. & J. 389. (2) The preponderance of the evidence shows that appellant's claim was fully paid off and satisfied in the lifetime of his father. No declarations of law were asked or given and the finding of the lower court is conclusive. *Parkinson v. Caplinger*, 65 Mo. 290 ; *Harrison v. Bartlett*, 51 Mo. 170 ; *Wilson v. Ry.*, 46 Mo. 36 ; *Gould v. Smith*, 48 Mo. 43 ; *Doughlan v. Orr*, 58 Mo. 573 ; *McHugh v. Meyer*, 61 Mo. 334.

RAY, J.—This case was commenced in the probate court of Andrew county on December 15, 1879, upon the following statement of account :

" Henry Thies, Jr., states that he was possessed in his own right of real estate in Grant county, state of Wisconsin, when an infant three years of age. That Henry Thies, Sr., deceased, was, upon his own petition to the probate court of Grant county, state of Wisconsin, appointed guardian for the appellant and for the estate of the appellant, and that he accepted said guardianship and trust, and was duly qualified and entered upon the duties of the said guardian January 30, A. D. 1855. That said Henry Thies, Sr., as such guardian, on the thirty-first day of January, 1855, petitioned said probate court for an order to sell the real estate of said minor, Henry Thies, Jr., the appellant herein, that he might in-

vest the proceeds in lands of less value at that time and greatly enhance the value of the estate of his said ward, Henry Thies, Jr. (the appellant herein), by the time he became of full age. That said real estate was sold in pursuance of the order of said court, on the twenty-first day of April, A. D., 1855, for the sum of fifteen hundred dollars cash, and said sale was approved by said court, and said guardian made deeds to the purchaser by order of said court. That said guardian during the year 1855 moved from the county of Grant, state of Wisconsin, to Andrew county, state of Missouri, where he continued to reside up to the time of his death. That William Garbe is the duly appointed executor of the last will and testament of Henry Thies, Sr., deceased. That said guardian never made any annual or a final settlement of his guardianship in said probate court of Grant county. That said guardian never accounted to this appellant for said money realized from the sale of said real estate, or any part of it, nor has he accounted for the profits arising from said fund, or any part thereof. That there is due this plaintiff at this time at compound interest the sum of five thousand eight hundred and ninety seven dollars and fifty one cents, which amount he asks to be allowed against said estate of Henry Thies, Sr., deceased." The answer of defendant was, first, a general denial; second, payment and satisfaction by the testator in his life time; third, the statute of limitations of five years. The reply was a general denial. On a trial of the cause the defendant had judgment from which the plaintiff appealed to the circuit court, where upon a trial anew the defendant again had judgment, from which the plaintiff also appealed to this court.

In the circuit court the case by agreement was tried by the court without a jury, no instructions were asked or given and the finding of the court was for the defendant, generally, without specifying on which count or whether on both counts of the answer. On this

state of the pleadings, or the issues thus presented, the evidence in the cause on both counts of the answer as shown by the record was conflicting ; that of each party tending to establish his side of the several propositions in dispute, arising thereunder. Under such circumstances a jury might well have found either way. Ordinarily in such cases when no declarations of law are asked or given it is impossible for this court to know upon what theory the trial court arrived at its finding or judgment, or whether it erred or not ; and in all such cases the well established doctrine of this court is that it will not undertake to review the finding and judgment of the court below ; holding the same to be conclusive upon us. *Parkinson v. Caplinger*, 65 Mo. 290 ; *Harrison v. Bartlett*, 51 Mo. 170 ; *Wilson v. Railroad*, 46 Mo. 30 ; *Gould v. Smith*, 48 Mo. 43 ; *Douglass v. Orr*, 58 Mo. 573 ; *McHugh v. Meyer et al.*, 61 Mo. 334. In this case there is nothing in its facts or instruments of evidence calling for a departure from the above rule. The case at bar is, we think, more in the nature of "an action at law for money had and received" by the testator for the use and benefit of the plaintiff "than an action or bill in chancery for matters of purely equitable cognizance," and in such cases this court will not look into the evidence or pass upon its weight (even where, as in this instance, the cause was tried by the court without the aid of a jury) as it might do in the latter class of cases. *Hammons v. Renfrow*, 84 Mo. 332.

We may further add that if the finding and judgment of the trial court on the plea of "payment and satisfaction" in the case is conclusive upon us, as under the authorities we must hold, then it is wholly immaterial how the court below may have held as to the statute of limitation. If the claim was paid by the testator in his lifetime that is the end of the matter. This leads to an affirmance of the case, and it is so ordered with the concurrence of all the judges.