RENNEY, *Plaintiff in Error*, v. WILLIAMS.

1. **Fraud:** TRIAL COURT. Where the evidence on a question of fraud is pertinent and material to the issue, its weight and value is a matter for the trial court.

2. **Fraud,** EVIDENCE OF. While fraud must be proved and cannot be presumed yet direct and positive evidence is not necessary to establish it. It may be inferred from facts and circumstances.

3. ————. Relationship between the parties to a conveyance is not sufficient to establish a fraudulent intent as to creditors, nor is the insolvency of the grantor alone sufficient, yet these facts when added to other suspicious circumstances may often furnish satisfactory proof of such fraud.

*Error to Cape Girardeau Circuit Court.*—HON. J. D. FOSTER, Judge.

AFFIRMED.

*R. L. Wilson* for plaintiff in error.

(1) The conveyance to plaintiff in error was not fraudulent because the transaction was between relatives. Actual fraudulent intent must be proved by evidence tending to show its existence and from which it legitimately results as a conclusion of fact drawn by a court or jury without the aid of any legal presumptions. 2 Pomeroy's Equity, sec. 971-2; 1 Story's Eq. Jur., sec. 190; Bump on Fraud. Convey. 42; *Brickner v. Stein*, 48 Mo. 407. Fraud must be proved, not presumed. Bump on Fraud. Convey. 584; *Page v. Dixon*, 59 Mo. 43; *Rumbolds v. Parr*, 51 Mo. 592; *King v. Moon*, 42 Mo. 551.

*Wilson Cramer* for defendant in error.

(1) The writ of attachment was served prior to the

recording of interpleader's deed, and there is not even a pretense that the attaching creditor has notice of the existence of the deed. (2) This court will not undertake to pass upon the weight of evidence.

RAY, J.—This was a controversy between an interpleader in an attachment suit and the plaintiff in said action as to the ownership of the property attached in said suit. The facts and transactions out of which the controversy arose, as we gather from the record, are substantially as follows :

In the fall of 1877, one Joseph M. Hamilton, a resident of Cape Girardeau, Missouri, died, possessed of an estate of considerable value, consisting of real and personal property, leaving as his only heirs at law his two brothers, William M. Hamilton and David J. Hamilton, who formerly lived in the same county. On October 9, 1880, the probate court of said county having charge of said estate made an order of distribution of said estate among said heirs. Some years prior thereto it appears that said William M. Hamilton, one of said heirs, was a United States revenue collector, for one of the revenue districts in Missouri, and as such defaulted, and then moved to the state of Texas and became insolvent. Harrison H. M. Williams was one of his bondsmen. The United States sued Hamilton's securities and obtained judgment against them, and said Williams as such bondsman had to pay part of said debt and judgment; and thereafter brought a suit by attachment and publication against said William M. Hamilton for the amount so due from him, and caused his interest in the estate of his said brother to be levied upon in due form. Two writs of attachment were issued and levied in this cause; the first was issued and served on the eleventh of February, 1880, and the second on May 11, 1880. Due notice of the suit also was filed in

the recorder's office on February 11, 1880, showing the levy of the writ of attachment on that day.

A few days thereafter, on February 24, 1880, there was filed for record and recorded a deed from said William M. Hamilton, to his son-in-law, James W. Renney, dated March 2, 1878, for his said interest in the estate of his said brother, and by virtue of this deed said Renney, interpleading in said attachment suit, claimed the property thus attached, alleging in his said interplea that he had purchased the same in good faith and for a valuable consideration. To this interplea Williams, the plaintiff in said attachment suit, filed his answer, containing, first, a general denial ; second, that if said purchase was made by Renney it was without consideration, fraudulent and void as to him ; third, that said sale by Hamilton to Renney was made to hinder, delay and defraud Hamilton's creditors, and that Renney knew of said intent. To this answer of Williams, Renney, the interpleader, filed a general denial and upon these pleadings and the issues thus made and the evidence in the cause a trial was had before the court without a jury and without instructions asked or given, and the finding and judgment of the court was against the interpleader, Renney, and in favor of Williams, the plaintiff in said attachment suit, from which Renney, the interpleader, has brought the case here by writ of error,

The substance of the evidence for the interpleader, Renney, was as follows : First, a warranty deed from said William M. Hamilton to said James W. Renney, dated March 2, 1878, recorded in the recorder's office of Cape Girardeau county, Missouri, twenty-fourth of February, 1880, conveying his interest in the estate of his said brother, Joseph M. Hamilton, to said James W. Renney, the interpleader, for the consideration as therein expressed of one thousand dollars in hand paid by said Renney. Second, the deposition of said Renney,

the interpleader, who said: "About March, 1, 1878, I purchased from William M. Hamilton his interest in the estate of Joseph M. Hamilton, deceased, for which I paid him the sum of one thousand dollars. I purchased the same in good faith. I did not know at that time that William M. Hamilton was indebted to any one. *Cross-examination:* I was a son-in-law of William M. Hamilton at the time of the purchase, and both of us lived in Houston, Texas, but did not live together. Hamilton first mentioned the trade. I had never been in Missouri. All the information I had about the property I got from Hamilton. He said his interest in the estate of Joseph M. Hamilton was worth at least fourteen hundred dollars, besides a piece of property that had been sold and not paid for, the purchase money of which was due the heirs of Joseph Hamilton. I expected to get the property in a short time. At the time of the sale to me I paid Hamilton one thousand dollars in cash. Hamilton's financial condition at that time was bad, having just been burned out. I considered him insolvent. I did not know that a judgment had been obtained against Hamilton or his bondsmen. My business at the time of the trade was fishing, and had money ahead." This was all the evidence offered by interpleader.

Thereupon plaintiff in attachment introduced:

1. The will of Joseph M. Hamilton dated September 2, 1877, and probated December 1, 1877, in which he makes certain specific bequests, one, the third, being as follows: "Third, my watch I leave to my nephew, Joseph E. Hamilton." In addition the will disposes of about four hundred dollars, and leaves the residue of the property undisposed of. Neither William M. Hamilton nor David J. Hamilton is mentioned in the will, directly or indirectly.

2. A letter from William M. Hamilton, to plaintiff in attachment, H. H. M. Williams, dated March 22, 1878, containing the following: "With regard to my

brother's estate, whatever might be derived from it was merely devised to me in trust for the education of his namesake (my son) and in order to enable me to comply with the injunctions of my brother in that respect, I, on the seventh inst., sold all interest in the same to Jas. W. Renney, of this city, for cash in hand. If there were a dime in it by which I could have profited in-dividually I should have turned it over to you long ago."

3. The deposition of William M. Hamilton as follows: "I resided about thirty years in the state of Missouri prior to 1872. Since then lived in Houston, Texas, until six or seven months since, when I came to Belton, Texas. In 1877, I lived in Houston, Texas. I have a brother, Joseph M. Hamilton, who resided occasionally in Cape Girardeau, Missouri, and who died in the summer of 1877. At the time of his death he owned a piece of real estate in Cape Girardeau county, Missouri, also some notes secured by mortgage. Do not remember the value, but think about three thou-sand dollars. I had at one time the correct date, but it was destroyed by fire while I resided in Houston, Texas, and I am compelled to rely on memory. My brother left a will at his death, but am informed by my attorney, Robert L. Wilson, that no action was taken under it, but the property was allowed to descend under the laws of the state of Missouri to his legal heirs. I am one of them. A short time after my brother's death, while I expected to receive my share under the will, I sold my interest to Jas. W. Renney for the sum of one thousand dollars in cash. My interest would have been about fifteen hundred dollars. Renney is my son-in-law. I last heard from my attorney, Robert L. Wilson, about eighteen months ago. When I sold my interest in said estate I was in need of money to start a job printing office in Houston, and was anxious to get my business started, and I made a sacrifice in order to get the cash to

invest in my business. I invested it all in the job print-ing business, and continued in the business till July, 1879, when I was burned out by fire, when I lost it all except some insurance."

4. Two writs of attachment issued in the case of *H. H. M. Williams v. Wm. M. Hamilton*, with the re-turns endorsed, the first issued February 11, 1880, and served on the same day ; the second dated May 11, 1880, and executed on the same day ; and the plaintiff in the attachment suit then offered sheriff's return May 11, 1880, levying on southeast quarter of southwest quarter, section 27, township 31, range 13, six lots in the city of Cape Girardeau (property of the estate of Jas. M. Ham-ilton) and attaching the interest of W. M. Hamilton in the hands of R. H. Whitelaw, administrator of J. M. Hamilton, deceased.

Then certified copy of the record filing notice of at-tachment in the recorder's office. Then certified order of distribution of the probate court of Cape Girardeau county, Missouri, on the administrator of Joseph M. Hamilton, to distribute the assets of the estate at Feb-ruary term, 1881, to heirs and legatees of said Joseph M. Hamilton ; and this was all the testimony offered by Harrison H. M. Williams, defendant in the interplea.

Interpleader, Renney, then offered Robert H. White-law who stated : "The deed from W. M. Hamilton to Renney was sent to me from Texas to be recorded ; am not certain who sent it to me, Hamilton or Renney, but think it was sent by J. W. Renney ; I had it in possession some time ; I did not have it recorded because the fee to pay the recorder was not sent ; there was some correspond-ence about it and it was afterwards recorded, but don't think the recorder's fee was sent, but I wrote and told the party who sent the deed to send the money for re-cording, or I would not file it for record ; the money never came ; I may have turned the deed over to Robert L. Wilson, or some other person."

This is in substance all the evidence offered. This evidence, the most of it at least, is certainly pertinent and material to the issues involved in the pleadings. Its weight and value was a matter for the trial court ; and if it at all tended to prove the issue, under numerous decisions of this court, it furnishes no ground for our interference. Fraud, it is true, must be proved and cannot be presumed. Direct and positive testimony, however, is not necessary to establish it. It may be inferred from facts and circumstances in evidence, pertinent and bearing upon the question at issue. It is also true, in cases like this, that relationship between the parties is not of itself sufficient to establish fraud ; nor is the insolvency alone of the grantor sufficient ; but these, when added to other suspicious circumstances, may often furnish satisfactory proof of fraud ; and we are not prepared to say that the court erred in its estimate of the weight and value of the testimony before it. Under such circumstances this court will not usually undertake to review the judgment and finding of the court below. Its findings ordinarily will be taken as conclusive upon this court. As no declarations of law were asked or given it is impossible, upon this state of the record, for this court to know upon what theory the court below arrived at its finding and judgment, or to tell or determine whether it erred or not. In this case there appears nothing in its facts or instruments of evidence calling for a departure from this rule. *Parkinson v. Caplinger*, 65 Mo. 290 ; *Harrison v. Bartlett*, 51 Mo. 170 ; *Wilson v. Railroad*, 46 Mo. 36 ; *Gould v. Smith*, 48 Mo. 43 ; *Douglass v. Orr*, 58 Mo. 573 ; *McHugh v. Meyers*, 61 Mo. 334 ; *Thies v. Garbe*, 88 Mo. 146.

This leads to an affirmance of the case, and it is so ordered with the concurrence of all the judges.