Hill v. Kingsland.

HILL et al., *Appellants*, v. KINGSLAND.

Division Two, December 17, 1895.

Appellate Practice: OBJECTIONS AND EXCEPTIONS: WAIVER. A judgment in an action at law tried by the court where no objections were made and no exceptions saved to any of its rulings, and no instructions were asked or given, will not be reviewed on appeal.

*Appeal from St. Louis City Circuit Court.*—HON. L. B. VALLIANT, Judge.

AFFIRMED.

*W. H. Clopton* for appellants.

(1) The dedication of. the twenty-five foot strip to the city vested the fee in the city of St. Louis to the use of the public. *Belcher, etc., Co. v. Elevator Co.*, 82 Mo. 181. (2) On the vacation of the street by the ordinance offered in evidence the fee reverted to the person who owned the abutting property at the time of the dedication, and, in case of his decease, to his heirs. *Lackland v. Railroad*, 31 Mo. 187; Angell on Highways [3 Ed.], sec. 326. (3) The words describing the boundary of the property conveyed to Allmeroth did not expressly or by implication include the highway. *Jones v. Cowen*, 2 Sand, 234; *Augustine v. Britt*, 15 Hun, 395; *Tyler v. Hammond*, 11 Pick. 193; *Union*

*B. Ground v. Robinson*, 5 Whar. 21.    (4)   In no event can the defendant claim more than half of the twenty-five foot strip.   *H. B. Co. v. Schaubacher*, 57 Mo. 585. (5)   The plaintiff is not barred by limitations.   *State v. Culver*, 65 Mo. 607; *State v. Wells*, 70 Mo. 635; *State v. Warner*, 51 Mo. App. 179.

*Joseph E. Merryman* for respondent.

(1) In the trial of the case, plaintiffs failed to save any exceptions to the ruling of the court, nor was there any finding of facts, nor any declarations of law asked.   (2)   There is no grounds set out in the motion for a new trial on which a reversal should be obtained, as there is no exceptions to the ruling of the court upon the admission of the testimony or the exclusion of evidence.   (3)   The court, having tried the case, sitting as a jury, upon the law and the facts, and rendered judgment for the defendant, this court will not review the testimony.   (4)   The judgment should be affirmed.   2 Pomeroy's Equity, p. 818, sec. 818; *Kline v. Vogel*, 90 Mo. 348; *Bailey v. Culver*, 84 Mo. 538; *Goode v. St. Louis*, 113 Mo. 278, 91 U. S. 91.   (5) Plaintiffs are barred by the statute of limitation. (6)   Cabanne had no title to convey.

BURGESS, J.—Ejectment for the possession of the following described tract or parcel of land, lying in the city of St. Louis and state of Missouri:   Twenty-five feet of the south end of lot number 20 of George Townsend's subdivision of West Cabanne place of city block 4539.   Said lot having a length of one hundred (100) feet by a width of twenty-five (25) feet and being bounded on the north by property of defendant, south by Clemens place, east by lot nineteen (19) and west by lot twenty-one (21) of said block.

The defenses set up in the answer are: *First,* a general denial; *second,* plea of the statute of limitations; *third,* estoppel, predicated on the ground that the land was dedicated to the public by L. D. Cabanne, under whom both parties claim.

The cause was tried by the court, a jury being waived. There was judgment for defendants from which plaintiffs appealed.

No objections were made and exceptions saved by plaintiffs to any ruling of the court below during the trial of the cause; nor were any instructions asked or given; and the action being one at law there is nothing before us for review. It has been uniformly held by this court, that under such circumstances it will not undertake to review the judgment of the trial court, holding the finding and judgment to be conclusive on us. *Thies v. Garbe,* 88 Mo. 146; *Parkinson v. Caplinger,* 65 Mo. 290; *Harrison v. Bartlett,* 51 Mo. 170; *Wilson v. Railroad,* 46 Mo. 36; *Gould v. Smith,* 48 Mo. 43; *Douglas v. Orr,* 58 Mo. 573; *McHugh v. Meyer,* 61 Mo. 334; *Hammons v. Renfrow,* 84 Mo. 332. It is impossible to tell upon what theory the case was decided. The judgment is affirmed. GANTT, P. J., and SHERWOOD, J., concur.