ZIMMERMAN v. CHICAGO, GREAT WESTERN RAILWAY COMPANY, Appellant.

Division One, June 12, 1900.

1. **Recoupment for Taxes Paid: LIMITATION.** In a suit under section 1373, R. S. 1889, brought in the alternative, plaintiff claiming title and ejectment under a tax deed for delinquent city taxes, and praying that if his title failed by reason of any irregularity, defect or omission in the sale or deed he might have judgment for the amount of taxes paid by him, the suit for the recovery of the taxes, being a mere incident to the suit to recover the premises and dependent on a failure of that part of the action, is not barred by the statute of limitation if the suit is begun within ten years after the date of the tax deed.

2. **Appellate Practice: NO EXCEPTIONS.** Where no objections were taken or exceptions saved on the trial to the ruling of the trial court on an issue which is assigned as error on appeal in an action at law, no declarations of law being asked, the finding of the trial court is not open for review unless the case is one where the rulings of the trial court are based on an agreed case or the evidence is wholly documentary.

Appeal from Buchanan Circuit Court.—*Hon. A. M. Woodson*, Judge.

AFFIRMED.

*Dan W. Lawler* and *James C. Davis* for appellant.

(1) The notice required by the sections of the statutes is jurisdictional and the validity of all proceedings for the collection of taxes subsequent thereto is dependent upon the question as to whether or not such notice has been given. If the city fails to give such notice through its officer authorized thereto then it acquires no jurisdiction over the real estate for the purpose of its sale for taxes and any act done by the city in that respect without such notice having previously been given amounts to a nullity and conveys neither title to the property nor a right to the purchaser to recover the taxes paid by him at such sale. Early v. Doe, 16 How. 610; Washington v. Pratt, 8 Wheat. 681; Moulton v. Blaisdell, 24 Me. 283; R. S. 1889, secs. 1350, 1351, 1352; Flint v. Sawyer, 30 Me. 226; Alexander v. Pitts, 7 Cush. 503; Bush v. Davison, 16 Wend. 550; Jenks v. Wright, 61 Pa. St. 410; Clarke v. Rowan, 53 Ala. 401; Stiles v. Weir, 26 Miss. 187; Steuart v. Meyer, 54 Md. 454; Blalock v. Gaddis, 33 Miss. 452; Nelson v. Goebel, 17 Mo. 161; Reeds v. Morton, 9 Mo. 868; Prindle v. Campbell, 9 Minn. 212; Black on Tax Titles, sec. 78; Cooley on Taxation (2 Ed.), 482. In the case at bar the notice was without signature either officially or otherwise. (2) If the city was without

authority or jurisdiction to sell the real estate de-
scribed in the petition and in controversy in this cause for
lack of notice of its intention so to do, then its act in attempt-
ing to make the sale was a mere nullity and without effect.
The most that can be said in favor of the attempted sale is
that it operated as an assignment of the city's right to collect
the taxes due on the property at the time, yet such an assign-
ment by the city to an individual to collect the taxes due to
it is without constitutional or statutory authority and is
contrary to the theory of the government of this State and
the United States inasmuch as it amounts simply to a farming
out of the revenue of the sovereignty.   Cooley on Taxation
(2 Ed.), 434.   (3)  If the sale by the city to respondent is
held to be an assignment by it to her of its rights to collect
the taxes due on the property at that time then respondent
acquired no greater rights than the city possessed.   If there-
fore the city was barred by the statute of limitations from
a collection of the taxes at the time of the institution of this
suit, then also was respondent barred from a recovery on
the same account because of her position as assignee of the
city.   R. S. 1889, secs. 1349, 7692.

*Benjamin Phillip* and *Maurice Phillip* for respondent.

(1) Appellant misconceives the effect of the tax sale.
The sale did not operate as an unconditional assignment to
the plaintiff of the city's right to collect the taxes.   The
effect of the sale was to subrogate the plaintiff to the rights
of the city to collect the taxes which she could assert when,
and only upon condition that her tax deed failed.   It was
therefore necessary that plaintiff be defeated in her suit for
the recovery of the property purporting to be conveyed by
the tax deed, before her right to recover the taxes accrued.
"Plaintiff's right to recover these taxes paid, only arose upon

his being defeated in his action to recover the land, and therefore the statutes of limitation did not commence to run against this claim, and have no application to it, independent of his right of action to recover the land." Pitkin v. Reibel, 104 Mo. 513; McClure v. Lavender, 31 N. W. 672; Bryant v. Estabrook, 16 Neb. 217; R. S. Mo. 1889, section 1373. It will be noted that the provisions of section 219 of the act of 1872 (2 Wag. Stat., p. 1207) relative to the right of the holder of a void tax deed to recover the taxes paid which was involved and construed in Pitkin v. Reibel, 104 Mo., 505, are exactly like the provisions of sec. 1373, R. S. 1889, applicable to the case at bar. (2) Appellant next insists that the tax sale was made without the notice required by law, and that in consequence, the sale was a nullity and conveyed neither the title to the property nor a right to the purchaser to recover taxes paid by him at such sale. The cases cited by appellant are authority for the proposition that a tax sale made without the notice prescribed by the statute is insufficient to deprive the owner of the title to his property but not one of them holds, nor can a case be found which even intimates that the purchaser can not recover the taxes paid by him at such sale in any state where the common law has been abrogated by a statute, giving to the holder of a tax deed the right to recover the taxes when he is defeated in his action to recover the property. That a void sale can not operate to convey title, and that a tax sale without notice is void, is conceded; but the fact that the sale is void for want of notice does not affect the purchaser's right to recover the taxes paid, since that right is derived from the statute and does not depend on the validity of the sale. Steuart v. Myer, 54 Md. 468; White v. Shell, 84 Mo. 569; R. S. 1889, sec. 1373; Bingham v. Burmingham, 103 Mo. 350; Burke v. Brown, 148 Mo. 309.

BRACE, P. J.—This is an action in ejectment to recover possession of lot 1 in block 8, in the city of St. Joseph. The petition is in two counts, the first in usual form in ejectment. The second for the recovery of the amount of the taxes paid by plaintiff on the premises for the tax title, under which she claimed in the first count, and afterwards, and for penalty, interest and costs, under the provisions of section 1373, Revised Statutes 1889. The answer after admitting possession was a general denial, plea of statute of limitations and payment of taxes before the execution of the tax deed. The case was tried by the court without a jury, the finding and judgment was for the defendant on the first count, and for the plaintiff on the second count, from which defendant appeals.

(1.)    The land was sold on the 13th of January, 1887, for delinquent taxes for the years 1875 to 1886, inclusive. The taxes were paid to the city and certificate issued to the plaintiff under the provisions of section 1358, Revised Statutes 1889, on the 30th of September, 1887, and the tax deed made in pursuance thereof was executed on the 7th day of November, 1888. This suit was instituted on the 16th of March, 1897. Therefore the plaintiff's right of action for the recovery of the premises on her title under the tax deed was not barred by the statute of limitations, and as her right of action for the recovery of the taxes paid, was an incident of that action, and dependent upon the failure of that title in that action, that right could not be barred by limitation. [R. S. 1889, sec. 1373; Pitkin v. Reibel, 104 Mo. 505.]

(2.)    Counsel for appellant contend that the payment of the taxes under the circumstances disclosed by the evidence on the trial, enured to the benefit of the defendants, and ask us to convict the trial court of error in not so holding. This is an action at law. No objections were made

or exceptions taken to any of the rulings of the court on this issue, upon the trial. No declarations of law were asked, given or refused, and under the uniform rulings of this court, the finding of the trial court upon that issue is not before us for review. [Altum v. Arnold, 27 Mo. 264; Gould v. Smith, 48 Mo. 43; Harrison v. Bartlett, 51 Mo. 170; Parkinson v. Caplinger, 65 Mo. 290; Hammons v. Renfrow, 84 Mo. 332; Thies v. Garbe, 88 Mo. 146; Bray v. Kremp, 113 Mo. 552; Hill v. Kingsland, 131 Mo. 648; Bethune v. Railroad, 139 Mo. 574; Sieferer v. St. Louis, 141 Mo. 587.] This case does not fall within the exceptions recognized in those cases where the rulings of the trial court are upon an agreed case, a special verdict, or when the evidence is wholly documentary. The judgment of the circuit court is affirmed.

All concur.