## CHAPIN, Respondent, v. STAHLHUTH, Appellant.

**St. Louis Court of Appeals, November 3, 1903.**

1. **Appellate Practice:** REVIEW OF EVIDENCE. Conflicting evidence will not be weighed by the appellate court in a legal proceeding, and where there was evidence to support a petition properly alleging a cause of action, a verdict for plaintiff will not be disturbed.

2. ——: ——. In an action at law, where no objections were made or exceptions saved to the admission or exclusion of evidence, or declaration of law requested, the rulings of the trial court will not be reviewed on appeal.

Appeal from St. Louis City Circuit Court.—*Hon. Robt. M. Foster,* Judge.

AFFIRMED.

*S. T. G. Smith* and *H. D. McCorkle* for appellant.

(1) The finding of the trial court is not conclusive upon the appellate court. Ellis v. Railway, 89 Mo. App. 241. (2) The opinion of the trial court will not be treated as a declaration of law. Mead v. Spalding, 94 Mo. 47; Loessing v. Loessing, 88 Mo. 494.

*E. M. Nichols* for respondent.

(1) Where an action at law is tried before the court and no instructions are asked or given at the instance of either party, the finding of the trial court is conclusive upon the appellate court. Kehoe v. Phillipi, 42 Mo. App. 292; Gentry v. Templeton, 47 Mo. App. 55; Heman v. Handlan, 59 Mo. App. 490; Martin-Perrin M. Co. v. Perkins, 63 Mo. App. 311; Savings Bank v. Holman, 63 Mo. App. 493; Brown v. Brown, 106 Mo. 611; Magee v. Burch, 108 Mo. 336; St. Louis v. Wetzell, 110 Mo. 263; Bray v. Adams, 114 Mo. 487.

GOODE, J.—This is an action on four promissory notes of two hundred and fifty dollars each. The petition alleges that the notes were given for a loan of one thousand dollars which the defendant, Samuel G. Stahlhuth, borrowed from the Nicholls-Ritter Realty & Financial Company, June 27, 1898; that it was agreed between the said realty company and the defendant that the notes should be made payable to S. C. Buckingham, should be signed by Eleanor B. Stahlhuth and secured by a deed of trust on property owned by her, which arrangement was carried out; but that the notes in fact were given to evidence a loan made to the defendant on an agreement between the parties to the transaction that the defendant would pay them when due; that the said notes were past due and had been assigned to the plaintiff.

The answer admits the execution of the notes described in the petition by Eleanor B. Stahlhuth, payable to the order of S. C. Buckingham, and denies every other allegation in the petition.

The case was tried before the court and at the conclusion of the evidence no declarations of law were asked except one by the defendant that under the pleadings and the evidence plaintiff was not entitled to recover; which was refused and an exception taken.

There was no objection made or exception saved to any ruling on the evidence.

A sharp conflict exists between the evidence for the plaintiff and that for the defendant as to what were the actual facts of the transaction, out of which the litigation arose. Stahlhuth had acquired a lot in St. Louis from a man by the name of Shobe, on which there was an incumbrance for eleven hundred dollars. Stahlhuth got that lot in compromise of a mechanic's lien demand held by him on some property owned by one Knoth, the latter individual procuring the conveyance by Shobe to Stahlhuth of the lot in question in settlement of the lien demand. It seems that Knoth owned

the lot but kept it in Shobe's name.   The deed convey-
ing that lot to Stahlhuth recited that it was subject to
an incumbrance of eleven hundred dollars which the
grantee assumed and agreed to pay.   Stahlhuth con-
tends that the clause was inserted in the conveyance
without his consent or knowledge and in fraud of his
rights.   He afterwards sold the property and it passed
into the hands of Marie Schifferstein.   The Nicholls-
Ritter Realty & Financial Company held the notes se-
cured by the incumbrance on the lot and called on
Stahlhuth to pay them.   Stahlhuth contended he was
not liable because the clause of assumption in the deed
from Knoth or Shobe to him was fraudulently inserted.
An interview took place between Charles C. Nicholls,
president of the Nicholls-Ritter Company, on one side,
and Stahlhuth and his attorney, H. B. McCorkle, on the
other, the result of which was that Stahlhuth, having first
procured a deed for the lot from Marie Schifferstein,
put the title in his sister Eleanor B. Stahlhuth, who ex-
ecuted a deed of trust on it and four new notes, in lieu
of the previous incumbrance, and these new notes are
the ones in suit.

The precise issue of fact between the parties is as
to the terms on which the new notes and deed of trust
were executed.   The plaintiff contends, and   C.   C.
Nicholls so swore, that the purpose of that transaction
was to prevent a suit on the original notes; in other
words, to obtain what was tantamount to an extension
of them; that the new notes were executed by Eleanor
Stahlhuth instead of by the defendant, because the de-
fendant said he was in business and did not want prom-
issory notes outstanding in his name; that in fact the
loan was made to the defendant and he agreed to pay
the notes as they fell due.   This testimony was accord-
ing to the allegations of the petition.   Stahlhuth and
McCorkle gave a version of the interview with Nicholls
which tended to show it resulted in an agreement be-
tween the Nicholl-Ritter Company and Stahlhuth that

Eleanor Stahlhuth should execute the new notes and deed of trust, Stahlhuth should pay three hundred dollars back taxes on the property and thereupon should be entirely released from his obligation created by the clause of assumption in the conveyance by Shobe to him, to pay the original notes. As opposed to this version it is to be noted that the conveyance from Marie Schifferstein, which Samuel G. Stahlhuth procured to carry out the alleged compromise, recited that it was made "subject to the incumbrance and taxes due on the property which the party of the second part assumes." That recital was a new assumption of the original debt by Stahlhuth.

On the above evidence the circuit court found the issues in favor of the plaintiff, and we are asked to review that finding on the ground that the judgment should have been for the defendant, and the further ground that the circuit court refused to find for the defendant on the theory that there was no consideration proven for the release of the defendant from his obligation to pay the first notes.

The circuit judge filed an opinion, some parts of which lend countenance to the notion that he thought no consideration for the release was shown; but that opinion is not part of the record and there was no requested finding of facts, nor any exception saved except to the refusal of the declaration of law that under the pleadings and the evidence the plaintiff was not entitled to recover.

There was evidence to support the averments of the petition, which stated a cause of action; and as this is a legal proceeding, the duty of weighing the evidence was finally discharged by the trial judge. The position of the appellant amounts to asking this court to weigh conflicting evidence, which it can not do. No declarations raising propositions of law were requested and we can not interfere with the judgment without sitting as a court of trial instead of review. St. Louis v.

Wetzel, 110 Mo. 263; Hill v. Kingsland, 131 Mo. 648. Defendant takes his stand on certain qualifications of the rule of practice that appellate courts do not review the evidence in legal actions; as that the finding below will be set aside if opposed to all the probabilities, or manifestly the result of bias, or undoubtedly for the wrong party. The finding in this case is one which a fair minded judge might render as his conclusion from the evidence; and that, too, without believing that any witness had consciously deviated from the truth in giving testimony.

The judgment is affirmed. *Bland, P. J.,* and *Reyburn, J.,* concur.