## MILLER v. BRENEKE, *Appellant.*

1. **Practice in Supreme Court:** WEIGHING EVIDENCE. In an action at law, although the case is tried by the court sitting as a jury, the Supreme Court will not weigh the evidence and determine whether or not the finding of the trial court was correct.

2. ——: DECLARATIONS OF LAW. Where a party in such case desires

| | |
|---|---|
| 83 163 | |
| 97 249 | |
| 83 163 | |
| 42a 386 | |
| 83 163 | |
| 104 407 | |
| 83 163 | |
| 47a 572 | |
| 83 163 | |
| 48a 576 | |
| 83 163 | |
| 113 554 | |
| 54a 141 | |
| 83 163 | |
| 125 502 | |
| 83 163 | |
| 130 569 | |
| 63a 458 | |
| 83 163 | |
| 68a 267 | |
| 83 163 | |
| 139 581 | |
| 72a 225 | |

| | |
|---|---|
| 83 163 | |
| 74a 384 | |
| 83 163 | |
| 77a 217 | |
| 83 163 | |
| 153 558 | |
| 81a 407 | |

Miller v. Breneke.

the ruling of the lower court on the law to be reviewed, he should ask for declarations of law.

*Appeal from Cape Girardeau Circuit Court.*—HON. D. L. HAWKINS, Judge.

AFFIRMED.

*Wilson Cramer* for appellant.

(1) Irrespective of the question as to whether the one or the other of the two lines spoken of is the correct line between lots 4 and 5, the judgment should have been for the defendant under the statute of limitations. *Majors v. Rice,* 57 Mo. 384; *Hamilton v. West,* 63 Mo. 93; *Walbrunn v. Ballew,* 68 Mo. 164; *Cole v. Parker,* 70 Mo. 372. (2) The lots were subdivisions of a survey, not section land, and were sold as lots or by number, and the only way to discover the true line was to determine where the line had been located at the original subdivision. (3) An agreement to adopt the "blazed line" as the true one was inferable from the conduct of plaintiff and defendant. *Acton v. Dooley,* 74 Mo. 63; *Turner v. Baker,* 64 Mo. 218; *Dolde v. Vodica,* 49 Mo. 98. (4) The plaintiff is estopped by reason of his statement in regard to the boundary line made to defendant prior to the latter's purchase of lot 4.

*Linus Sanford* for respondent.

(1) An examination of the plat hereto annexed, and the testimony, show conclusively that in the subdivision of the survey into lots the lines are determined by simply extending the section lines of the adjoining government survey through the same. (2) Then, by pursuing this course, in fixing the lines, the land in controversy falls south of the line so established, and belongs to respondent, Amon A. Miller. (3) There can not be any adverse holding of the strip of ground by appellant, Breneke, and those under whom he claims, for they have only

claimed up to the "true line." None of them have ever claimed any part of lot No. 5. If there has been any possession of a part of lot No. 5 it has been by mistake. *Tamm v. Kellogg*, 49 Mo. p. 118; *Kincaid v. Dormey*, 51 Mo., p. 553. (4) If there has ever been a survey as claimed by appellant, a mistake was made in establishing the line between lots 4 and 5, and the possession that followed was taken by mistake, and can not create a title under the statute of limitation.

PHILIPS, C. This is an action of ejectment, tried by the court sitting as a jury. Petition is in the usual form of an action of ejectment. The answer tendered the general issue, and further pleaded matter of defence in the nature of an estoppel, and the statute of limitation. The court found the issue for the plaintiff, and rendered judgment accordingly. From this judgment the defendant prosecutes this appeal.

On the trial the defendant made some objection to the admissibility of certain evidence, but even this objection was not preserved in the motion for a new trial. No instructions were asked by either party, nor were any declarations of law made by the court. It is, therefore, manifest that there are no errors presented in this record for this court to review. It has been repeatedly held that under the present practice act, when the circuit court tries a case like this, sitting as a jury, the Supreme Court will not weigh the evidence, and determine whether or not the finding of the trial court was correct on the evidence. This it will only do in an action in equity, or on an agreed statement of facts. The only way in an action like this, where there are no exceptions to evidence saved at the trial, to have a review of the decision of the lower court, is to ask declarations of law applicable to the facts of the case. The giving or refusal of instructions is the only way this court can ascertain the theory on which the court tried and determined the matter at issue. As is aptly said by Wagner, J., in *Weilandy v.*

*Lemuel*, 47 Mo. 322 : "The court in trying issues of fact, sits as a jury and gives a general verdict ; and the only way in which its errors can be corrected, if it decides the law wrongfully, or makes a misapplication of the law to the facts, is to ask declarations of law or instructions, in order that we may see on what theory the court proceeded. To attempt to review this case would be simply giving our opinion upon the weight of the evidence, when no point of law was raised or saved in the trial court. This we cannot do." This ruling is supported by a long line of decisions. *Altum v. Arnold*, 27 Mo. 264; *Conran v. Sellew*, 28 Mo. 320; *Easley v. Elliott*, 43 Mo. 289; *Wilson v. Railroad Co.*, 46 Mo. 36; *Harrison v. Bartlett*, 51 Mo. 170 ; *Cunningham v. Snow*, 82 Mo. 587.

While we are strongly impressed with the belief that on the evidence and the law properly applied, the finding of the court should have been for the defendant ; yet as there was evidence on the part of the plaintiff on which the verdict might have rested, we cannot undertake to pass on the weight of the evidence and the credibility of the witnesses. That belongs exclusively to the province of the jury, or the court when sitting as a jury.

It follows that the judgment of the circuit court must be affirmed. All concur.