WILLIAM WOOD, ASSIGNEE, ETC., Defendant in Error, v. NATHAN LAND, Plaintiff in Error.

Kansas City Court of Appeals, May 24, 1886.

AFFIRMANCE—CASE ADJUDGED.—Where, in an action upon a promissory note, the answer set up the defence of a partial failure of consideration ; which was denied by the reply ; and, at the trial, plaintiff offered no testimony whatever, but defendant offered evidence tending to establish the allegations of his answer ; and no declarations of law were asked or given ; and the court found for the plaintiff. *Held*, that there is nothing for this court to review. That, in the absence of declarations of law, asked or given, it cannot say that the court found against the defendant on the law or the facts : since it will not review the finding of the court, sitting as a jury, upon the facts, and especially when the evidence is not before it, as in this case.

ERROR to Johnson Circuit Court, HON. NOAH M. GIVAN, Judge.

*Affirmed.*

Statement of case by the court.

This was an action on a promissory note. The an-

swer set up the defence of a partial failure of considera-
tion.    The reply denied the new matter of the answer.

The case was tried by the court sitting as a jury.

The bill of exceptions shows that " the defendant
offered evidence tending to establish all the allegations
of his answer.    The plaintiff offered no testimony what-
ever."    No declarations of law were asked or given.

The court found the issues for the plaintiff and ren-
dered judgment accordingly.

Samuel P. Sparks, for the plaintiff in error.

I.    The agreement pleaded and proved went to show
a partial failure of the consideration of the note, and this
could be done between the maker and the *payee.    *Ins.
Co. v. Geraldin*, 31 Mo. 30 ; *Klein v. Keys*, 17 Mo. 326.

II.    Defendant got no title to the bank stock.    He
was a mere *trustee* for the bank ; and to the extent of
the value of the stock the note was without considera-
tion.    *Jones v. Shaver*, 6 Mo. 642 ; *Shepherd v. Jenkins*,
73 Mo. 510.

III.    There was no *quid pro quo;* the defence is
like the case of a note given for a wagering contract, or
the price of a horse that was never delivered.    See cases
cited under paragraph I, this brief.

IV.    No facts constituting any estoppel were
pleaded or relied on in the court below, and ought not
to be heard here.

W. W. Wood, *pro se.*

I.    The defence set up in the answer is an attempt
to vary the written terms of the note sued on, by parol
testimony.    *Smith v. Thomas*, 29 Mo. 307 ; *Jones v.
Shaw*, 67 Mo. 667 ; *Spring v. Lovett*, 11 Pick. 416 ;
*Wright v. Morse*, 9 Gray (Mass.) 337 ; *Davis v. Ran-
dall*, 115 Mass. 547.

II.    Defendant having voluntarily held himself out
to the world as the apparent owner of the stock, he is

estopped as against the creditors of the bank from deny-
ing his title, and the assignee is merely the representative
of the creditors. *Griswold v. Seligman*, 72 Mo. 110 ;
*Erskine v. Leowenstein*, 82 Mo. 301.

HALL, J.—There is nothing that we can review in this
case. We cannot review the law applicable to this case,
because no declarations of law were asked or given. *Har-
rington v. Minor*, 82 Mo. 270. The truth of the allega-
tions of the answer was put in issue by the reply. The
burden of proving those allegations was upon the de-
fendant. The defendant introduced evidence tending to
establish those allegations and the plaintiff offered no
evidence. The facts alleged in the answer were, how-
ever, still in issue. They were not admitted by the
plaintiff's failure to offer evidence. In the absence of
declarations of law, asked or given, we cannot say that
the court found against the defendant on the law or on the
facts. *Miller v. Brenecke*, 83 Mo. 165. The court was
not obliged to believe the evidence introduced by the
defendant, simply because it was not contradicted. We
cannot review the finding of the court, sitting as a jury,
upon the facts. *Gaines v. Fender*, 82 Mo. 509 ; *Miller
v. Brenecke, supra ; Hamilton v. Roggers*, 63 Mo. 251.
And especially is this so when the evidence is not before
us. Every presumption is to be made by us in favor of
the judgment of the circuit court. We cannot assume
that the court found against the defendant on the law,
rather than on the facts.

The judgment is affirmed. All concur.