42 383
72 225
74 385

NEW YORK LIFE INSURANCE COMPANY, Respondent,
v. JOHN W. STONE, Appellant.

Kansas City Court of Appeals, December 1, 1890.

1. **Appellate Practice**: TRIAL BEFORE COURT WITHOUT INSTRUC-
TIONS. Where the trial is before the court, if appellant wishes a
review of the law, he should request declarations of law ; and on
such trial, when ·no instructions are asked, refused or given the
appellate court is not advised whether the trial court found against
appellant on the law or the facts.

·2. **Life Insurance**: POLICY NON-OPERATIVE UNTIL CASH PAYMENT.
A stipulation in a policy of life insurance that it was not to become
operative until the payment of the cash premium is entirely for
the benefit of the insurer, and he can waive the same, and, as in
this case, deliver the policy and sue for the cash premium.

·3. ———: PLEADING LICENSE TO DO BUSINESS : DEFENSE. It is no
defect in a petition by an insurer, a foreign corporation, against a
policy-holder to recover the cash premium, that it fails to allege
plaintiff's compliance with the law regulating the terms upon
which it may do business in the state. A failure to comply with
such law is a matter of defense, and should be pleaded in the
answer.

*Appeal from the Johnson Circuit Court.*— HON. CHAS.
W. SLOAN, Judge.

AFFIRMED.

*J. M. Crutchfield,* for appellant.

·(1) No contract ·exists if the premium has not
been paid when payment thereof is a condition prec-
·edent. Phillips on Ins. [ 5 Ed.] secs. 23, 24 ; *Bidwell v.
Ins. Co.,* 40 Mo. 42 ; *Train v. Ins. Co.,* 62 N. Y. 298 ;
*Herman v. Ins. Co.,* 17 Minn. 153 ; *Magers v. Ins. Co.,*
27 Penn. St. .268 ; *Rogers v. Ins. Co.,* 41. Conn. 97. ( 2 )
Punctual payment of the premiums upon a life-policy
is of the essence .of the .contract, and failure to pay the

first premium amounts to a refusal to accept the policy. *Klein v. Ins. Co.*, 13 Cent. Law Jour., 489 ; *Berthod v. Ins. Co.*, 8 Ohio, 505 ; Wood on Insurance ; 18 Ohio, 459 ; *Ins. Co. v. Strahan*, 3 Cent. Law Jour. 723 ; *Ins. Co. v. McLennon*, 4 Cent. Law Jour. 156. ( 3 ) The contract of insurance is like any other contract. The terms must be accepted on both sides before it is binding on either. The policy does not bind the insurer unless it is accepted by the insured. *Wallingford v. Ins. Co.*, 30 Mo. 46. ( 4 ) The insurer makes no other contract than that contained in the policy. *Tesson v. Ins. Co.*, 40 Mo. 33. ( 5 ) There is no allegation in the petition that plaintiff, being a foreign insurance company, had complied with the law regulating the terms upon which such companies may do business in this state. R. S. 1889, secs. 5842, 5843, 5844, etc.

*Samuel P. Sparks*, for respondent.

( 1 ) The condition in a policy of insurance, providing : " That if the premiums are not paid as hereinafter provided, on or before the days when due, then this policy shall become void," has no reference to the first annual premium which was agreed to be paid in advance on the delivery of the policy. *McAllister v. Ins. Co.*, 101 Mass. 558 ; *Ins. Co. v. Hasbrouck*, 32 Ind. 447 ; Bliss on Life Ins. Co. [ 1 Ed.] sec. 183, p. 269. ( 2 ) The condition in the application : " That any policy which shall be issued under this application shall not be in force until the actual payment to, and acceptance of, the premium by the company," was one exclusively for the benefit of the insurer, and which could be waived by a delivery of the policy without such payment. *Ins. Co. v. Miller*, 12 Wall. 285, 304 ; S. C. Book, 20 L. Co. Ap. Pub. Co., 398 annotated ; 1 Wood on Ins., secs. 28, 29, 30, and notes, pp. 67, 83 ; *Ashbrook v. Ins. Co.*, 94 Mo. 73 ; May on Ins. [ 1 Ed.] secs. 359, 360, pp. 432, 433 ; Bliss, Life Ins., pp. 258, 275, 277, 278, 279, 280, 283. The agent,

Little, to whom the policy was sent for delivery to Stone, had authority to waive the payment. Bliss, Life Ins., sec. 162, p. 235 ; *Grady v. Ins. Co.*, 60 Mo. 116; Am. & Eng. Corp. Cases, p. 540 ( May, 1886). ( 3 ) The defense cannot be made for the first time in the motions for a new trial and in arrest that the petition did not affirmatively allege that plaintiff was authorized to do business in this state, and for this reason stated no cause of action. Such a matter constituted an affirmative defense, and must be specially pleaded. *Ins. Co. v. Smith*, 73 Mo. 368 ; s. c., 19 Mo. App. 627 ; 1 R. S. 1879, sec. 3582. ( 4 ) By delivering the policy acknowledging on its face that the first annual premium had been paid estops the company from setting up a forfeiture for non-payment, because the receipt is absolute evidence on such issue. 1 Wood on Ins., p. 60 ; *Ins. Co. v. Farrell*, 49 Ill.; *Busch v. Ins. Co.*, 35 N. J. 5; Bennett, Fire Ins. 420. While the acknowledgment in the policy of the receipt of the consideration money may be contra-dicted for some purposes, yet it could not have been contradicted for the purpose of annulling the policy, or showing that it never went into effect, had the insured died during the first year of the policy. *Goit v. Ins. Co.*, 25 Barb. 189 ; *Ins. Co. v. Ins. Co.*, 20 Barb. 475 ; 1 Phil. Ins., secs. 514, 515 ; *Barnum v. Childs*, 1 Sandf. 58 ;. *McCrea v. Purmort*, 16 Wend. 471 ; *Morse v. Shattuck*, 4 N. H. 229 ; *Wilt v. Franklin*, 1 Binn. 502 ; *Belden v. Seymour*, 8 Conn. 312; 26 N. Y. 260. The trial being by the court without the intervention of a jury, no declarations of law having been asked by either party, there is nothing to review. *Wood v. Land*, 22 Mo. App. 425.

GILL, J.—The plaintiff recovered a judgment against defendant in the court below, for the amount of the first, or cash, premium on a life-policy of insurance alleged to have been issued to the defendant, and defendant has appealed. There is little for us to review.

The cause was tried by the court sitting as a jury, and since no declarations of law were asked or refused, and none given by the court of its own motion, we are left uninformed as to the theory of law upon which the cause was determined. If the defendant desired a review of the law of the case he should have requested declarations of law in the circuit court. Since this was not done we are not advised whether the court found against defendant on the law or on the facts. *Miller v. Breneke*, 83 Mo. 163 ; *Wood v. Land*, 22 Mo. App. 425.

However, we have read this record, and considered defendant's brief, and discover no reason whatever for disturbing the judgment. Plaintiff's petition, and evidence in support thereof, exhibit a clear liability against the defendant for the amount sued for. Assuming as true the statements of witnesses introduced by plaintiff (which we must suppose was found by the trial court) there is ample evidence to sustain the judgment. Measured in the light of that testimony, Stone applied to plaintiff for a policy of insurance on his life, and, in pursuance thereof, a policy was issued and delivered to him. By the terms of the contract between insurer and insured, on delivery of policy, the insured (Stone) agreed to pay plaintiff company, cash, the sum of one hundred and seventy-five dollars. Defendant received the policy from the agent, who, expecting payment in a day or two, permitted Stone to retain the same. Payment was demanded shortly thereafter, but defendant refused and offered a return of the policy which the company declined to accept. Whereupon the suit was brought.

Defendant seeks protection from that provision of the application which stipulates that the policy shall not become operative until payment of the cash premium. This cannot avail the defendant. That provision in the contract is entirely for the benefit of the insurance company. It was in the power of the company to decline delivering the policy until payment of the cash

premium, but its right to retain the policy might be waived by plaintiff, and it seems was waived, since the policy was delivered, and defendant given a few days to make good the cash premium. The application, as signed by defendant and sent in to the plaintiff insurance company was not a contract of insurance. It was a mere proposal to insure; but, when the policy was issued and delivered to defendant, then the contract was complete in all its parts, and defendant became bound to pay the premium. An obligation was by him assumed by accepting the policy. *McAllister v. Ins. Co.*, 101 Mass. 558; *Herman v. Ins. Co.*, 17 Minn. 153; *Miller v. Ins. Co.*, 12 Wall. 285.

Further question is made in defendant's brief as to the sufficiency of plaintiff's petition, in that "there is no allegation that plaintiff (a foreign insurance company) had complied with the law regulating the terms upon which such companies may do business in this state." This contention, too, is without merit. That plaintiff had not complied with the statute is matter of defense, and should be set up in defendant's answer. In the absence of an adverse showing the law will presume plaintiff had complied with the requirements of the insurance law in this regard. May on Ins., sec. 590; *Williams v. Cheney*, 3 Gray, 215; *Fitzsimmons v. Ins. Co.*, 18 Wis. 234; *American Ins. Co. v. Smith*, 73 Mo. 368.

Judgment affirmed, all concur.