CHARLES W. RIFFE, Appellant, v. WABASH RAILROAD COMPANY, Respondent.

**Kansas City Court of Appeals, November 22, 1897.**

Appellate Practice: TRIAL BEFORE COURT: INSTRUCTIONS. Where the issues of fact are submitted to the trial court which gives a general verdict, the only way to correct such court is to ask instructions.

*Appeal from the Ray Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

*J. E. Ball* and *J. L. Farris & Son* for appellant.

(1) The authorities are agreed generally against the right of one proprietor to divert a natural water course, so as to throw the water upon adjacent proprietor to his injury. *Benson v. R. R.,* 78 Mo. *loc. cit.* 504. (2) One proprietor has no right to divert surface water even or to turn it upon his neighbor. 78 Mo., *supra; Chain v. R. R.,* 71 Mo. 237; *Gillham v. R. R.,* 49 Ill. 487; *Gormley v. Sandford,* 52 Ill. 160; *James v. City of Kansas,* 83 Mo. 567. (3) The statute of limitation does not apply in this cause. *Bunton v. R'y,* 59 Mo. App. 414; *Culver v. R'y,* 38 Mo. App. 130; *Van Hoozier v. R. R.,* 70 Mo. 145. (4) The defendant can not escape liability upon the theory that this

embankment or obstruction was made by other than themselves. The law clearly holds responsible parties who are the owner or owners of the property occasioning the damage at the time such damage may have been incurred. 78 Mo., *supra;* 38 Mo. App., *supra;* 70 Mo., *supra;* 71 Mo., *supra; Wayland v. R. R.,* 75 Mo. *loc. cit.* 549.

*F. W. Lehmann* and *Geo. S. Grover* for respondent.

(1) The defendant is not responsible for the change in the channel of Rollins Creek made by the North Missouri Railroad Company, its predecessor in title, in 1868. When the defendant acquired the property in 1889, a prescriptive right had long been vested in it, and in its predecessors, to maintain said channel as it then was. For that reason, whatever cause of action originally existed on account of such change was barred in 1894 by the statute of limitations. *Wayland v. R. R.,* 75 Mo. 548; *James v. City of Kansas,* 83 Mo. 567; *Bird v. R. R.,* 30 Mo. App. 365; *Smith v. Musgrove,* 32 Mo. App. 241; *Bunten v. R. R.,* 50 Mo. App. 414; Gould on Waters, sec. 329; Angell on Water Courses, secs. 135, 205, and cases cited; *Brace v. Yale,* 10 Allen (Mass.), 441; Wood on Limitations, p. 376, sec. 181; *Marr v. Gilliam,* 1 Cold (Tenn.), 488; *Sibley v. Ellis,* 11 Gray (Mass.), 417. (2) The defendant owed no duty to the plaintiff to maintain the embankment in question, as a levee, for the protection of his land from the overflow of Rollins Creek. Its first and higher obligation was to guard its roadbed from the encroachments of the surface water escaping from that stream in times of overflow of freshets. And if, in the discharge of that trust, it became necessary to leave an opening in the embankment for the escape of such surface water, the act was lawful, proper and necessary,

and so far as the plaintiff is concerned, it was *damnum absque injuria.* *Moss v. R. R.*, 85 Mo. 86. (3) The water overflowing from Rollins Creek here complained of was simply surface water, a "common enemy," from which defendant could lawfully protect itself, as it saw fit, without being responsible in damages to the plaintiff or any other adjoining proprietor. *Abbott v. R. R.*, 83 Mo. 271; *Jones v. R. R.*, 84 Mo. 151. (4) The real cause of defendant's embankment giving way, during the freshet above described, was by reason of the levee constructed by the upper proprietors, Endsley, Brashear, the elder Riffe, Pettus and others along Rollins Creek, north of defendant's embankment, in 1880. The effect of this artificial work was to greatly enlarge and deepen the original carrying capacity of Rollins Creek, and thus mass a large volume of overflow water against defendant's embankment, in times of freshet, far beyond the natural size or capacity of that stream. For this the defendant was not responsible, while the plaintiff's cause of action, if any he had, against his neighbors was barred by the statute of limitations. Authorities cited, *supra.* *Coleman v. R. R.*, 36 Mo. App. 476.

SMITH, P. J.—This is an action by plaintiff against defendant to recover damages on account of the negligent failure of the latter to keep in repair a certain embankment on its right of way and on which its track is laid, and also on account of its further negligent failure to keep a certain artificial water way open and free of obstruction, in consequence of which the waters of a certain creek washed away said embankment and flooded the former's lands, thereby destroying the herbage thereon grown to his great injury, etc.

The answer was a general denial, coupled with the plea of the statute of limitations. The cause was sub-

mitted to the court without the intervention of a jury. The court found the issues for the defendant and rendered judgment accordingly.

At the trial the plaintiff excepted to the action of the court in excluding certain testimony offered by him; but by an examination of the points, authorities and argument presented by his brief we do not find that the action of the court in this regard is urged as a ground for the reversal of the judgment, so that we may fairly presume that he has abandoned the same. No instructions were requested or given by the court. It is therefore manifest there are no errors presented by the record for us to review.

It has been repeatedly held that under the present practice act that where the court trying the issues of fact sits as a jury and gives a general verdict, that the only way in which errors can be corrected if the court decides erroneously, or makes a misapplication of the law to the facts, is to ask instructions in order that the reviewing court may see on what theory the court tried and determined the issues. The court will not, in an action at law, weigh the evidence and determine whether or not the finding of the trial court was correct on the evidence. We are not advised by the record whether the court found for defendant on the law or facts.

*APPELLATE practice: trial before court: instructions.*

*Omnia praesumuntur rite et solemnitur esse acta, donec probitur in contrarium.* Altman v. Arnold, 27 Mo. 264; Easley v. Elliott, 43 Mo. 289; Wilson v. R'y, 46 Mo. 36; Wielandy v. Lemuel, 47 Mo. 322; Harrison v. Bartlett, 51 Mo. 170; Harrington v. Miner, 80 Mo. 270; Gaines v. Fender, 82 Mo. 508; Miller v. Brencke, 83 Mo. 163; Ins. Co. v. Stone, 42 Mo. App. 383; Wood v. Land, 22 Mo. App. 425.

It follows that the verdict of the circuit court must be affirmed. All concur.