RICE, STIX & Co., Appellants, v. McCLURE & HARPER, Respondents.

Kansas City Court of Appeals, April 4, 1898.

**Appellate Practice:** TRIAL BEFORE COURT WITHOUT INSTRUCTIONS. If the trial is before the court without instructions, the appellate court has nothing to determine, and this, whether the trial court decided on the law or the facts, and the judgment will be affirmed.

*Appeal from the DeKalb Circuit Court.*—HON. W. S. HERNDON, Judge.

AFFIRMED.

HEWITT & BLAIR for appellants, submitted a brief on the conduct of the trial on the plea in abatement.

HARWOOD & HUBBELL for respondents, filed a brief and argument on the conduct of the trial and the findings of the court.

SMITH, P. J.—This is an action which was brought by attachment and based on subdivisions seven, eight, nine, ten and fourteen of section 521, Revised Statutes.

There was a trial before the court without the intervention of a jury of the issues in both the attachment and on the merits. The judgment was for defendants on the former and for the plaintiffs on the latter. The plaintiffs have appealed from the judgment in the attachment branch of the case. There were no exceptions taken to the action of the court in admitting or excluding evidence, nor were there any instructions requested or given.

It has been many times ruled by the appellate courts of this state that where a case is submitted to a court and a jury dispensed with, the facts upon which the court bases its judgment are incontrovertible in those courts. An appellate court has only the power to review the law declared by the trial court, and when the latter is intrusted with both facts and law the former must assume the facts to be as found by the latter. As said by Judge NAPTON in Hamilton v. Boggess, 63 Mo. 233: "This observation is not made because in the present case the facts in evidence did not justify the assumption of the circuit court in regard to them, for there is, in our opinion, nothing unreasonable in the deduction made by the circuit court from the evidence presented, but because we wish it to be understood that it is not our province to determine facts, or review the finding of juries or courts on them, except in chancery cases." Gaines v. Fender, 82 Mo. 497; Miller v. Breneke, 83 Mo. 165; Swayze v. Bride, 34 Mo. App. 414.

What was said by us in Riffe v. R. R., 72 Mo. App. 222, is, we think, applicable to the present case, and which was to the effect: "It has been repeatedly held under the practice act that where the court trying the issues of fact sits as a jury and gives a general verdict, that *the only way in which errors can be corrected*

*Margin note: APPELLATE practice: trial before court without instructions.*

if the court decides erroneously, or makes a misapplication of the law to the facts, is to ask instructions in order that the reviewing court may see on what theory the court tried and determined the case. The court will not, in an action of law, weigh the evidence and determine whether or not the finding of the trial court was correct on the evidence.'' We are not advised by the record whether the court found for defendant on the law or facts. "*Omnia praesumuntur rite et solemnitur esse acta donec prohibiter in contrarium.*" Altum v. Arnold, 27 Mo. 264; Easley v. Elliott, 43 Mo. 289; Wilson v. R'y, 46 Mo. 36; Weilandy v. Lemuel, 47 Mo. 322; Harrison v. Bartlett, 51 Mo. 170; Harrington v. Minor, 80 Mo. 270; Ins Co. v. Stone, 42 Mo. App. 383; Wood v. Land, 22 Mo. App. 425.

It follows that the judgment of the circuit court must be affirmed. All concur.