JOHN METZ, Defendant in Error, v. CHARLES BLATTNER, Administrator of the Estate of J. G. STUBENRAUCH, Deceased, Plaintiff in Error.

St. Louis Court of Appeals, February 17, 1903.

Practice, Appellate: EXCEPTIONS: INSTRUCTIONS. Where the record shows that no exceptions were saved in a trial of a case, except to the refusal of a new trial, and no instructions were asked, and the evidence was conflicting, there can be no review of the case except on the record proper.

Error to Cape Girardeau Court of Common Pleas.—
*Hon. John A. Snider*, Judge.

'AFFIRMED.

*R. G. Ranny* and *R. B. Oliver* for plaintiff in error.

(1)    The court erred in giving instruction 1 for the plaintiff, for the reason that the court was not asked to adjudicate any liability of Metz to Stubenrauch but simply to consider facts tending to show that plaintiff did not have any cause of action. This can be done under a general denial, even in cases where formal pleadings are required. Hoffman v. Parry, 23 Mo. App. 20; Scudder v. Atwood, 55 Mo. App. 512; Madison v. Railroad, 60 Mo. App. 599; Law v. Crawford, 67 Mo. App. 150. (2)    The court erred in giv-

Metz v. Blattner.

ing instruction 2 for plaintiff, because no formal pleadings were required and if the evidence showed that Metz was in Stubenrauch's debt, the judgment clearly ought to be for Stubenrauch. (3) The court erred in giving instruction 5 for plaintiff, because books of account before being allowed in evidence must be proven to be fair, kept in the usual course of business and various items entered contemporaneously with the respective transactions. Anchor Milling Co., v. Wabash, 108 Mo. 277; Seligman & Co. v. Rogers, 113 Mo. 642. And this rule does not apply to loans. Smith v. Rentz, 131 N. Y. 169. And should not be taken from private memorandum. Wilcoxson v. Darr, 139 Mo. 660; Peck v. Valentine, 94 N. Y. 569.

*Frank E. Burrough* for defendant in error.

(1) No exceptions were saved to the giving of plaintiff's instructions. The motion for a new trial can not save an exception. State v. Elkins, 101 Mo. 344; State v. McDonald, 85 Mo. 539; State v. Meyers, 99 Mo. 107. (2) There is nowhere in the record any objection by defendant to plaintiff's evidence, nor any ruling of the court thereon, and no exception; hence, point 3 of plaintiff in error's brief is not well taken.

REYBURN, J. — After due notice defendant in error presented for allowance against the estate of deceased, his father-in-law, an account made up of a series of debit items, with one item of credit, and a trial was had upon the claim before the court in the Cape Girardeau Court of Common Pleas. A number of witnesses being examined on both sides, as well as documentary testimony being introduced, both for the claimant and the estate, the court allowed the claim, classifying it as a fifth-class demand. A motion for new trial on behalf of the administrator was duly filed

and overruled, exceptions being then saved on behalf of the administrator to this action of the court. The record fails to set forth the saving of any exception on behalf of plaintiff in error to any ruling of the lower court, excepting the overruling of the motion for new trial. There was no objection made to the admission of any evidence, nor were any instructions asked on behalf of plaintiff in error. The testimony was conflicting, and the plausibility of plaintiff's claim in many respects assailed, but the judgment of the court below is sustained by substantial evidence, and as no declarations of law were prayed, there are no errors presented by the record for the review of this court, and the judgment below allowing and classifying the claim must be affirmed. Riffe v. Wabash R. R., 72 Mo. App. 222; Rice v. McClure, 74 Mo. App. 383. *Bland, P. J.*, and *Goode, J.*, concur.

