SIMPSON HARDY, Appellant, v. THOMAS MATHEWS, Respondent.

**St. Louis Court of Appeals, April 28, 1903.**

1. **Account, Action on: STATUTORY LIEN FOR RENT.** Plaintiff having knowledge that the rent had not been paid for the land on which the corn was raised, only protected himself against the lien on the corn, created by the statute, by paying the rent as far as the price of the corn would permit.

2. ————: **RENT: R. S. 1899, SECS. 4115, 4123, CONSTRUED.** Under Revised Statutes 1899, section 4115, giving a landlord a lien on the crops grown on leased premises, for rent for the year, for eight months after the rent is due; and section 4123 subjecting any person buying such crops, while the rent is unpaid, with knowledge that they were so grown, to liability for the value thereof to the landlord, the person so buying may, on claim by the landlord, without suit, pay him, and set the payments up, as a defense in an action against the tenant for the price.

Appeal from St. Charles Circuit Court.—*Hon. E. M. Hughes,* Judge.

AFFIRMED.

*R. C. Haeussler* and *B. H. Dyer* for appellant.

(1) The lien of Keen, plaintiff's lessor, on the crop raised during the year 1897 by plaintiff on the premises by him occupied during the year 1897-1898, for the payment of the rent for said year 1897, could only be enforced by due legal proceedings in a court of competent jurisdiction, this plaintiff being a necessary party. Knox v. Hunt, 18 Mo. 243; Sanders v. Ohlhausen, 51 Mo. 163; Sheble v. Curdt, 56 Mo. 437; Hulett et al. v. Stockwell, 27 Mo. App. 328; Dunlap v. Dunseth, 81 Mo. App. 17; Welch v. Ashby, 88 Mo. App. 400. (2) Statutory liens can only be enforced by strictly complying with the provisions of the statutes giving such liens; such enforcement must be made in the manner and within the time prescribed by the statute. 1 Jones on Liens, secs. 97, 1034.

*C. W. Wilson* for respondent.

(1) Under the statute the landlord, Eli Keen, had a lien on the crop grown on his lands for the rent, and any person buying the crop with notice was responsible to him for the value of the crop bought to the amount of rent due him. R. S. 1899, secs. 4115, 4123; Dawson v. Coffey, 48 Mo. App. 109; Matthews, Stubblefield & Co. v. Nation & Pulse, 69 Mo. App. 331; White v. McAllister, 67 Mo. App. 314; Hughlet v. Stockwell, 27 Mo. App. 328. (2) If the rent was due and unpaid and the purchase price of the corn was justly due Keen in payment of rent, Matthews was not required to stand suit, but had a right to pay Keen. Lambert v. Estes, 99 Mo. 604.

REYBURN, J.—The plaintiff herein alleged that in February, 1898, the plaintiff sold and delivered to defendant a quantity of corn at the price of twenty-five cents per bushel, making a total selling price of $204.05; that plaintiff was then indebted to defendant in the amount of $40, deducting which there remained a balance due plaintiff of $164.05, for which judgment was asked.

The answer of defendant admitted the correctness of the amount but averred that at the time of the sale and delivery of the corn, plaintiff was a tenant of one Eli Keen, and the corn was raised by plaintiff on Keen's premises, leased by him from Keen and belonging to Keen, in St. Charles county, Missouri; that plaintiff, at the time such corn was sold and delivered to defendant, was indebted to Keen for rent of the demised premises on which the corn was raised for the year in which the corn was so raised, and that such rent, at the time of delivery of said corn to defendant, remained due and unpaid. That such corn was sold and delivered to defendant within eight months after the rent, for the premises on which it was raised by plaintiff, became due and payable, and about $361 of said rent remained unpaid by plaintiff to said Keen, and defendant was informed by said Keen of said fact and the amount named in plaintiff's petition. The proceeds of the corn was demanded of defendant by Keen under the provisions of sections 4115 and 4123, Revised Statutes of Missouri of 1899, and that thereupon defendant paid over to Keen the proceeds of the corn sold and delivered by plaintiff to defendant, in the sum of $204.05, less $40 due defendant by plaintiff, mentioned in the plaintiff's petition, and that at the time said sum was so paid, the rent due said Keen by said plaintiff remained due and unpaid.

In reply thereto plaintiff made a general denial. The issues so made up were submitted to the court sit-

ting as a jury, and the finding and judgment were in favor of defendant.

Appellant concedes that the principal question involved in this controversy was, whether the respondent could lawfully pay to the landlord of appellant the proceeds of the corn bought by respondent from appellant, because he was satisfied appellant's rent for the year 1897 remained unpaid, and plead the fact that he made such payment to the landlord in satisfaction of the landlord's lien, as a defense to this action by appellant for the purchase price of the corn, in the absence of any evidence tending to show that such payment was authorized or consented to by appellant. Section 4115 of the Revised Statutes gives every landlord a lien upon the crops grown on demised premises in any year for rental accruing for such year, for eight months after such rent has become due, and section 4123, additional to providing a remedy by attachment in the instances cited, further subjects any person buying crops grown on demised premises upon which any rent is unpaid with knowledge of that fact that such crop was grown upon such demised premises, to liability in an action for the value to any party entitled to the rent.

The contention of appellant that Keen was restricted to an attachment against his tenant for the rental accrued and overdue, and that he must resort to such proceeding to recover it, is untenable and a misconception of the statutory provisions above.

The Kansas City Court of Appeals, in construing these sections of the statute, held that the remedy by attachment conferred upon the landlord was only permissive, and not exclusive. Hulett v. Stockwell, 27 Mo. App. 328. Under the terms of the statute, if, as the proof strongly tended to establish, the corn was purchased with the knowledge of the fact that it was raised on leased premises, the rental of which was unpaid, it was burdened in the hands of defendant with a lien in favor of the landlord, and he was not required to re-

fuse recognition of such claim until Keen brought suit and established his rights by judgment, but when satisfied that the money was justly due Keen, he was lawfully entitled to pay it to him without requiring such legal proceedings. In making such voluntary payment he assumed the risk of determining for himself that Keen was lawfully entitled to it, and in this proceeding by the vendor to recover from him the purchase price, he also assumed and bore the burden of proving that Keen was entitled to a statutory lien upon the corn and that the proceeds of its sale rightfully were payable to him.

The defendant evidently established such facts in the opinion of the trial court, and no instructions having been asked, there is nothing further before this court to determine. Rice et al. v. McClure et al., 74 Mo. App. 383; Miller v. Breneke, 83 Mo. 163.

The judgment will accordingly be affirmed. *Bland, P. J.,* concurs; *Goode, J.,* dissents.