HOME SAVINGS BANK, Respondent, v. JAMES H. FISKE et al., Defendants; HUDNALL-HUMPHREYS FURNITURE COMPANY, Interpleader, Appellants.

Kansas City Court of Appeals, January 11, 1909.

TRIAL AND APPELLATE PRACTICE: Before Court: Instructions: Evidence. In a trial before the court without a jury where no declarations of law are asked or given and no exceptions taken in regard to the admission of evidence there can be no review of the finding of the court below.

Appeal from Callaway Circuit Court.—*Hon. E. W. Hinton*, Special Judge.

AFFIRMED.

*Robt. McPheeters* and *J. W. Tincher* for appellant.

(1)   When there are no declarations of law given by the court, the appellate court will presume that the trial court took a correct view of the law, if there was

substantial evidence to support a verdict on that theory. The theory of the trial court in this cause could only have been that appellant by "laches" had forfeited its rights. We contend that there is not a scintilla of evidence to justify the court in so holding. Gibson v. Bailey Co., 114 Mo. App. 350.

*T. A. Boulware* for respondent.

(1) A judgment in an action at law tried by the court without a jury, where no objections were made, and no exceptions saved to any of its rulings, and no instructions were asked or given, will not be reviewed on appeal. Hill v. Kingsland, 131 Mo. 648, and authorities cited.

BROADDUS, P. J.—The plaintiff began this suit before a justice of the peace to enforce the collection of a debt for $77 from the defendants, James H. Fiske et al., and a writ of attachment was sued out and certain property of defendants seized by the officer.

While the suit was pending before the justice, Hudnall-Humphreys Furniture Co. filed its interplea claiming to be the owner of all the attached property. A trial was had and judgment was rendered in favor of the interpleader, from which the plaintiff appealed. On the trial in the circuit court a jury was waived and by consent of parties the cause was submitted to the court. The judgment was for the plaintiff from which interpleader appealed.

The facts are about as follows: The defendant Fiske rented an office in Fulton. He was the head of a collecting agency and bought from interpleader on May 31, 1907, a bill of goods for which he was to pay cash on delivery. As interpleader did not have all the goods he had contracted for at the date of the purchase, he did not pay for those delivered at the time. A flat-top desk was afterwards delivered on June 18th, at

which time interpleader demanded payment for the goods delivered, but Fiske put off payment by saying that he would be down in the evening and select the balance of the goods and then pay for all the goods. Fiske, however, did not do as he said he would and failed to pay for what goods he had received. Interpleader sent a collector to Fiske's office more than once to collect the bill, but failed to find Fiske. About July 1st, Fiske left Fulton and was said to be insolvent.

There were no declarations of law asked or given and no exceptions taken to the admission or rejection of testimony. This, being an action at law tried by the court, under such conditions will not be reviewed on appeal. [Hill v. Kingsland, 131 Mo. 648; Rice, Stix & Co. v. McClure et al., 74 Mo. App. 383; Gaines v. Fender, 82 Mo. 497; Miller v. Breneke, 83 Mo. 163.

Affirmed. All concur.