BAACK, DYER & BRECHT MILLINERY COMPANY, Respondent, v. THE CHICAGO & ALTON RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, February 2, 1914.

1. COMMON CARRIERS: Damages: Negligence: Injury to Sample Baggage. Under the common law merchandise samples, or sample baggage, was not baggage in the strict sense of the term, and a common carrier was not required to carry it as an incident to the transportation of a pasenger. And if it did carry it, it was not liable as an insurer for its loss. But Sec. 3236, R. S. 1909, requires the carrier to carry sample baggage and therefore makes that baggage which was not baggage before. Without regard to the question whether this section makes defendant liable as an insurer, it is liable for its negligence, and as there was evidence tending to show such negligence, the finding will be upheld.

2. ——: ——: ——: Limitation on Amount Recovered. Sec. 3239, R. S. 1909, limiting the amount of recovery does not apply to a case where the liability is caused by negligence. It has never been the policy of the law to limit liability for negligence.

Appeal from Callaway Circuit Court.—*Hon. D. H. Harris,* Judge.

AFFIRMED.

*Scarritt, Scarritt, Jones & Miller* for appellant.

*J. R. Baker* for respondent.

TRIMBLE, J.—In this case plaintiff is seeking to recover damages for injury and loss sustained by reason of defendant's negligence in carrying, as sample baggage, two trunks in charge of plaintiff's traveling salesman, who was a passenger on defendant's road from Mexico to Fulton in the State of Missouri. The complaint is that defendant negligently allowed the contents of said trunk to become wet from the rain which came up at Fulton when the trunks arrived. The case was tried by the court sitting as a jury, and judgment was rendered for $105.75 the full amount of the damage claimed to the contents of the trunks. Defendant appealed.

The baggage being sample merchandise, and not personal baggage, the carrier was not required by the common law to carry it and was not liable as an insurer for loss or injury to the same. [Witmore v. Steamboat Caroline, 20 Mo. 513; Hubbard v. Railroad, 112 Mo. App. 459.] But section 3236, Revised Statutes 1909, requires common carriers to carry sample baggage up to 150 pounds free for an adult passenger. Defendant's point is that neither at common law nor under this statute is the defendant liable as an insurer, and that there was no negligence shown, hence the judgment should have been in its favor.

The case was tried by the court and no findings of fact or declarations of law were asked or given. Consequently, if there is any substantial testimony tending to uphold the judgment we must give effect to it.

[Home Savings Bank v. Fiske, 135 Mo. App. 8; Zimmerman v. Railroad, 156 Mo. 561.]    There was substantial evidence, in our opinion, tending to show negligence in that it was shown that when the train reached Fulton it began to rain and plaintiff, before leaving the depot for the hotel, ran to the baggage man and told him not to let the trunks get wet, and that notwithstanding this, when the drayman procured the trunk checks from plaintiff and went to the depot to get the trunks, he found them, after the rain was over, outside of the baggage room lying bottom-up on a truck with a tarpaulin laid on top. The trunks being bottom-up the flanges of the lids would readily catch and conduct the rainwater to the inside. There was also evidence tending to show that the depot had burned and that an old leaky freight car was being used as a baggage room. This is sufficient to support a finding of negligence by the trier of the fact notwithstanding the testimony of the baggagemen that they immediately put the trunks in the freight car used as a baggage room.

It is said that in order to recover at all under the statute the proof should show precisely the amount of excess charges paid by the passenger and that this was not done with sufficient definiteness to enable the court to ascertain the amount of damage recoverable under the statute.

Section 3239, Revised Statutes 1909, provides that "the carrier shall not be liable for any greater proportion of the value thereof or the damage sustained thereto than the excess baggage fare paid by the passenger bears to the current rate of freight on such line for like articles in like packages between the same points." Even if this limitation on the amount recoverable under the statute should be deemed to apply to a case where negligence has been shown, still there was testimony that the passenger paid on from 200 to 240 pounds, though he was unable to state the exact

amount. There was also evidence that the minimum charge for excess baggage was twenty-five cents and the current freight rate was forty cents for 200 pounds or fifty-seven cents for 240 pounds. As plaintiff was allowed 150 pounds free, the minimum rate, if the trunks weighed 200 pounds, was twenty-five cents. The fact that the passenger testified that he paid some excess baggage fare but does not remember the precise amount, would authorize the court to adopt the minimum, twenty-five cents, as being the amount paid by him, and to select the lowest weight of the trunks, 200 pounds, to get the current freight rate of forty-eight cents. So that if the limitation on recovery in the statute applies to a case where negligence on the part of the carrier has been affirmatively shown, then the amount of recovery would be 25/48ths of the loss sustained.

But we do not think the statute limiting the amount of recovery is intended to apply to a case of liability for negligence. The statute is not dealing with damages caused by negligence. It is speaking of the amount that may be recovered by reason of the carrier's status as a common carrier and the relation between the parties growing out of that fact. It has never been the policy of the law to limit liability for negligence but only to limit liability as an insurer and then only when there was a special agreement to that effect based on a consideration.

Before the statute was passed, the defendant was not required to carry sample merchandise as baggage, and yet if it did so, knowing it was not baggage, it became a bailee and was liable for its negligent handling of the bailed property. The statute made no change in this rule. It merely made that baggage which was not baggage before, and requires the railroad to carry it as baggage. And in requiring the common carrier to carry it, the statute merely provides that the liability arising out of that relation—that is, liability as

an insurer, and not liablity for negligence—shall not exceed that proportion of the loss which the excess baggage fare paid bears to the current rate of freight on like articles in like packages.  Any other construction put upon the statute would make it say to the railroad, "you must carry sample baggage as you do personal baggage but you will not be liable for negligently destroying it beyond the proportion established by the price paid for carrying it."  Thus construed, the statute would be relieving the carrier of a liability from which it was not exempt before.  The statute does not mean this.

The judgment is affirmed.  All concur.